## THE PEOPLE v. PARSONS.

An indictment for perjury, charging that the accused, in a certain proceeding, describing it, "did willfully, corruptly and falsely swear," etc., but not alleging that the perjury was committed "feloniously," is sufficient.

The definition of the crime being given by the statute, an indictment charging the offence in the words of the statute, and fully complying with § 246 of the Crim. Prac. Act, gives the defendant all the information necessary to enable him to answer the charge.

APPEAL from the Court of Sessions of Sacramento County.

The defendant, Oscar Parsons, was indicted, tried and convicted of the crime of perjury. Motion was made in arrest of judgment in the Court below, on the ground of errors and defects in the indictment, which were overruled, and judgment and sentence entered against the prisoner, who appealed.

The alleged defect in the indictment appears in the opinion of the Court.

*Smith and Hardy* for Appellant.

In all indictments for felony the offence must be charged to have been "feloniously" committed, a term of art which no circumlocution can supply. Wharton's American Cr. Law, 143; Archbold's Pr. and Pleading, Title Indictment; Murdock v. The State, 9 Mo., 739; Statutes of Mo., page 869, § 17.

*William T. Wallace, Attorney General,* for the People.

The opinion of the Court was delivered by Mr. Justice TERRY. Mr. Justice HEYDENFELDT concurred.

The defendant was convicted in the Court below of the crime of per-

jury.   There is no bill of exceptions or statement of evidence, and the only question presented, is as to the sufficiency of the indictment.

The indictment charges that defendant in a certain proceeding, describing it, " did *willfully, corruptly, and falsely swear*," etc.

It is contended that the indictment is fatally defective, because it is not alleged that the offence of perjury was committed *feloniously*. Such an allegation was necessary at common law, but our statute has in many respects altered the rules of pleading in criminal cases.

The indictment in this cause, charged the offence in the words of the statute defining it, and fully complies with the requirements of section 246 of the Act regulating proceedings in criminal cases.   Time, place and circumstance are stated with certainty, and every information is given to the defendant, which is necessary to enable him to answer the charge.

The judgment of the Court below is affirmed.

MR. CHIEF JUSTICE MURRAY.—I dissent.