People v. Winkler.

---

## PEOPLE v. WINKLER.

The rule is well settled, upon the soundest principles of reason, that the language of a judicial opinion, in general, must be held as referring to the particular case decided.

The allegation in an indictment for larceny that the property stolen is "of the value of two hundred and five dollars," without stating "lawful money of the United States," is sufficient.

APPEAL from the Court of Sessions of the County of El Dorado.

The defendant was indicted for the crime of grand larceny.

The allegation in the indictment is as follows : " The said Jacob Winkler, on the — day of ————, A. D., 1857, and before the finding of this indictment, in the county aforesaid, one cow, of the value to wit: of $100 ; one cow, of the value to wit: of $80 ; and one steer, of the value to wit: $25, and all of the value of over $50, to wit: $205, of the property of R. J. Howard, then and there being found, feloniously did steal, take, and drive away, contrary to the statute," etc.

To this indictment the defendant demurred, on the ground that the " same does not state facts sufficient to constitute the offence charged or pretended to be charged therein."

The Court sustained the demurrer, and the people appealed.

*Thomas H. Williams, Attorney-General,* for Appellant.

The demurrer to the indictment was solely sustained upon the authority of the People *v.* A. A. Cohen, 8 Cal. R., 42.

The Court of Sessions, acting, as they supposed, upon the authority of the Cohen case, concluded that the cow and steer stolen by defendant should have been alleged of the value of over $50, " lawful money of the United States."

If this Court meant in the above case to say, that as a matter of description, the character or kind of money should have been charged, so as to enable the defendant to require its identification by proof upon the trial, then it was correct. Otherwise, in error.

It is only necessary, under our practice, to charge the offence in the words of the statute. The People *v.* Parsons, 6 Cal. Rep., 487.

And that is done in this case. See Wood's Digest, page 337, Art. 1920.

The district-attorney followed precisely the old form as given in Archbold. See Archbold's Crim. Plead., 4th American edition, page 159, and it is thus sustained by authority. See pp. 160, 167, 46 and 47.

[NOTE.—The new editions of Archbold do not contain the form referred to, for the reason that the distinction between grand and petit larceny has been abolished in England.]

The indictment is good under the statute. See Wood's Digest, page 289, §§ 244, 46 and 47.

*Sanderson & Newell* for Respondent.

This case comes up on demurrer to the indictment.

The ground of the demurrer is that the indictment does not state facts sufficient to constitute the offence attempted to be charged therein, because the same does not aver that the valuation placed upon the property is of the currency of the United States.

It only avers the property to be of the value of $—— without stating of what currency. This is insufficient. The indictment should allege the value in lawful money of the United States.

Otherwise, how can the Court know what currency is intended ? For aught the Court can know, it may be the currency of some other nation, and not sufficient in amount to charge the defendant with grand or petit larceny under our statute.

This point has been expressly decided by this Court in the case of the People *v.* A. A. Cohen, 8 Cal. R., 42.

It was upon the authority of the People *v.* A. A. Cohen, that the Court below sustained the demurrer to the indictment in the present case.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Indictment for grand larceny. Demurrer to the indictment. The demurrer was sustained, and the People appealed.

The only ground of the demurrer is, that the property was alleged to be of the value of two hundred and five dollars, without stating "lawful money of the United States."

The learned counsel of defendant have referred us to the opinion of this Court in the case of the People v. A. A. Cohen, (8 Cal. R., 42,) as sustaining the decision of the Court below.

It is true that the language of that opinion, taken without reference to the circumstances of the case, would bear the construction contended for; but the rule is well settled, upon the soundest principles of reason, that the language of an opinion, in general, must be held as referring to the particular case decided. In that case, Cohen was indicted for converting money to his own use whilst he was the bailee of another. The defect was in describing the thing converted. The thing stolen must be correctly described, for the purpose of identification; and, when a party is indicted for stealing coin, the kind of coin must be specified. (3 Chitty's Cr. L., 947, 960; Arch. C. P., 46.)

But in this case the defendant was indicted for stealing cattle, and the value of the animals stolen was alleged in the language of the statute. (Wood's Digest, 351, Art. 1920.) The statute defining the offence does not use the words "lawful money of the United States." The allegation of the value was sufficient, being as certain as the language of the statute. (The People v. Parsons, 6 Cal. Rep., 487.)

Judgment reversed, and cause remanded for further proceedings.