[Civ. No. 2952. Second Appellate District, Division One.—March 10, 1919.]

VAN R. KELSEY, Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents.

[1] PROHIBITION — ACTS WITHIN JURISDICTION OF SUPERIOR COURT.—A superior court being a court of general jurisdiction, prohibition will not lie to prevent such court from proceeding to hear and determine a certain action and continuing in force a temporary injunction restraining the plaintiff and the sheriff from selling certain property under execution, even though the complaint in the action fails to state facts sufficient to warrant the action of the court.

[2] INJUNCTION—POINTS AND AUTHORITIES—SECTION 527, CODE OF CIVIL PROCEDURE.—Where a temporary restraining order, granted without notice, has been vacated and set aside, the points and authorities served for use at the hearing cannot at a subsequent hearing be deemed a compliance with the statute, which in absolute terms requires the applicant for an injunction to serve upon the opposite party at least two days prior to such hearing a copy of his points and authorities.

[3] ID.—SECTION 527, CODE OF CIVIL PROCEDURE—INJUNCTION—DELAY IN HEARING—DISSOLUTION OF ORDER.—Under section 527 of the Code of Civil Procedure, the court has no power to continue the hearing of a provisional injunction until some later date, but if the applicant is not ready to proceed, the court must dissolve the temporary restraining order.

[4] ID.—HEARING CONTINUED—COURT DIVESTED OF JURISDICTION.—Where in such case the court made an order continuing the hearing, it thereby divested itself of jurisdiction to take any action other than to dissolve the restraining order issued.

PROCEEDING in Prohibition to prevent the Superior Court of San Diego County and C. N. Andrews, Judge thereof, from proceeding further in a certain action, except to make an order dissolving a restraining order and temporary writ of injunction theretofore granted therein. Writ granted.

The facts are stated in the opinion of the court.

George H. Moore, Raymond D. Hoyt, Henning & McGee and W. H. Wylie for Petitioner.

T. B. Cosgrove, City Attorney, and M. R. Thorp for Respondents.

SHAW, J.—In response to an alternative writ of prohibition issued by this court in the above-entitled matter, requiring respondent to show cause why it should not be prohibited from proceeding further in a certain action wherein the city of San Diego is plaintiff and Van R. Kelsey and James Byers, as sheriff of San Diego County, are defendants, an answer to said writ, consisting of a certified copy of the entire record, has been filed in this court.

It appears from the petition upon which the writ was granted that on the twenty-sixth day of July, 1918, petitioner

commenced an action in the superior court of Los Angeles County against James Kennedy, the purpose of which was to recover a money judgment against defendant therein; that at the time and upon the filing of the complaint there was duly issued by the court a writ of attachment in said action, directed to the sheriff of San Diego County, pursuant to which and the instructions given him by plaintiff, he, on July 30, 1918, attached certain personal property, consisting of tools, machinery, and other equipment, then in the possession of Kennedy and used by him in constructing what is known as the Lower Otay Dam in San Diego County, and took the same into his possession and under his control, as appears from the return upon said writ of attachment so made by said sheriff on August 10, 1918, which is as follows: "I, James C. Byers, Sheriff of the County of San Diego, hereby certify that I received the hereunto annexed Writ of Attachment on the 30th day of July, 1918, with instructions from Attorney for within named Plaintiff to attach any and all personal property belonging to the defendant, consisting of tools, horses, machinery and other equipment of every kind and description now being used in the construction of the 'Lower Otay Dam' at Otay, San Diego County, California. By virtue of the fact that the above mentioned property was already in my possession under prior attachments, the said property is held on this attachment. Dated this 10th day of August, 1918. James C. Byers, Sheriff, by F. Knefler, Deputy"; and that at all times since the levy of the writ he has had said property in his possession.

That on September 18, 1918, plaintiff in said action recovered a judgment against the defendant therein in the sum of $11,336.12, which was duly docketed on September 19, 1918, and thereafter, to wit, on January 4, 1919, a writ of execution was duly issued thereon, commanding Byers, as sheriff of San Diego County, to make the sums due on the judgment of petitioner out of the property of said Kennedy situated within San Diego County, which execution was placed in the hands of the sheriff, with instructions to levy upon and sell the personal property, tools, machinery, and equipment owned by said Kennedy and located at said Lower Otay Dam in San Diego County, in pursuance of which writ and instructions so given, Byers, as sheriff, levied upon the property and advertised it for sale on January 17, 1919.

That thereafter, on January 15, 1919, the city of San Diego, as plaintiff, commenced an action in the superior court of San Diego County against petitioner and Byers as sheriff, the purpose of which was to enjoin the sheriff from selling the property as advertised under execution, and at the same time plaintiff in said action procured from said court a restraining order and order to show cause commanding petitioner and said Byers to show cause on the twenty-eighth day of January, 1919, why an injunction should not be issued forbidding the sale of the property, which order was duly served upon said sheriff, by reason of which fact he refused to make the sale as advertised, or enforce the writ of execution.

That on the day specified in said notice petitioner and Byers, as sheriff, appeared in response thereto and demurred to said complaint for injunction and filed objections to the issuance thereof, based upon affidavits, all of which were duly served upon the attorney for the plaintiff in said action; whereupon said superior court of San Diego County (as shown by the answer to the petition) vacated said restraining order and ordered the same discharged.

That immediately thereafter, on the same date and upon the same complaint, without amendment thereto or affidavits filed, plaintiff in said action procured to be issued out of said court another restraining order against petitioner and Byers, restraining the sheriff from selling the property of Kennedy under and pursuant to the writ of execution so issued, and requiring petitioner and sheriff to show cause on February 3d, before the Honorable C. N. Andrews, judge presiding in Department Four of said court, why an injunction should not be granted restraining the sale of said property under said execution, and meanwhile restraining said sale. That after obtaining said last mentioned order, to wit, on January 31, 1919, the plaintiff in said action wherein petitioner and the sheriff were made defendants, filed an amendment to its complaint and duly served the same, but at no time did the plaintiff therein, through its attorneys, file or serve upon petitioner or said sheriff, or upon either or any of their attorneys, any points or authorities, as required by section 527 of the Code of Civil Procedure.

That on February 1, 1919, petitioner and said sheriff filed and served their affidavits in response to said order to show cause on February 3, 1919, and notified the attorney for said

city of San Diego that petitioner and said sheriff, at the hearing of said order to show cause on February 3d, would rely upon the demurrer theretofore filed and affidavits theretofore filed, in addition to an affidavit served upon said counsel on February 1st. That, pursuant to said order, petitioner and the sheriff appeared before the Honorable C. N. Andrews, judge of said superior court, on February 3d, in response to the order to show cause, at which time Deputy City Attorney M. R. Thorp appeared and moved the court to continue the hearing of said matter upon the ground that the city attorney was then engaged in the trial of a case in another department, and that other than said city attorney and M. R. Thorp so appearing, there was no attorney in the office of the city attorney familiar with the issues of law and fact involved in said hearing; that while he was then ready and prepared to present his points and authorities in support of the contention of the city in said matter, he was then sick, and by reason of his physical condition, due to illness, was unable to present said matter and to proceed with said hearing; that the court from its observation of the physical condition of said Thorp at the time when he made said motion concluded that he was physically unable to proceed with the hearing and, over the objections of petitioner, who insisted that the hearing proceed, continued the same to February 10th, a time covering a period of more than ten days after the making of said restraining order and order requiring petitioner to show cause why a temporary injunction should not be granted.

That, notwithstanding the levy of said writ of attachment and the placing of said writ of execution in the hands of the sheriff, he has permitted and is permitting the city of San Diego, through a keeper by him placed in charge thereof, to use said property of Kennedy's so attached and levied upon, continuously, as a result of which it is being worn out and depreciated in value, which wear and tear and depreciation will continue so long as said city is permitted to use the same.

That on February 10th, the day to which said hearing was continued, petitioner and the sheriff appeared in court and objected to the court taking any proceedings in said matter other than to declare and adjudge that said restraining order dated January 28th was ineffectual, and that said order to show cause had by lapse of time become inoperative, which objections were overruled and the further hearing of the

matter continued to 2 o'clock on February 10th, at which time, as appears by supplemental petition filed, the said superior court, the Honorable C. N. Andrews presiding therein, did grant and cause to be issued a temporary injunction wherein said Byers as sheriff was ordered to desist and refrain from selling the property of Kennedy so levied upon at the Lower Otay Damsite, in the county of San Diego, under and in pursuance of the execution issued out of the superior court of Los Angeles County in favor of Van R. Kelsey and against James Kennedy, or in any manner or in any wise interfering with plaintiff's possession and use of said property pending the final determination of the action.

[1] Plaintiff insists, first, that the complaint filed by the city fails to state facts entitling plaintiff to any injunctive relief. This for the reason that at the time when the levy under the writ of attachment was made Kennedy owned and was in possession of the property, and the city, though asserting a lien upon the property by virtue of a clause in a contract existing between it and Kennedy, had in fact no lien thereon or claim thereto recognizable in law. Assuming this contention to be well founded, and also that petitioner has just cause for grievance due to the action of the sheriff in what upon this record appears to be a plain violation of his official duty in permitting the property to be used by the city, the effect of which, owing to such use and resulting deterioration, must necessarily greatly depreciate the value thereof, nevertheless upon such facts it cannot be said respondent, if it erroneously issued the restraining order and temporary injunction, acted in excess of its jurisdiction. It is a court of general jurisdiction having power to entertain the class of proceedings in question. It had before it the parties to the action. The subject matter of the litigation, which the court was called upon to determine, was plaintiff's right to the relief prayed for upon the facts stated in the complaint. "Whether the particular facts on which the court proceeds in that regard are or are not sufficient to justify its exercise of jurisdiction is a question of law the solution of which, either way, cannot impair the court's right to apply its judicial power in the premises, according to its view of the law, and of the facts before it." (State ex rel. Union Depot R. Co. v. Valliant, 100 Mo. 59, [13 S. W. 398].) Hence, conceding a total absence of facts alleged in the complaint to war-

rant the action of the court, nevertheless it, in making the orders complained of, acted in the exercise of its jurisdiction, and if while so doing it erred, such error cannot be made the basis for prohibition, but must, for like error in an ordinary civil action, be corrected on appeal.

[2] Petitioner, conceding the restraining order to have been properly made, next insists that the court upon the proceedings shown to have been taken had no power to make any order other than to dissolve the restraining order. This contention is based upon the provisions of section 527 of the Code of Civil Procedure, which, among other things, provides that "in case a temporary restraining order shall be granted without notice, . . . the matter shall be made returnable on an order requiring cause to be shown why the injunction should not be granted, on the earliest day that the business of the court will admit of, but not later than ten days from the date of such order. When the matter first comes up for hearing the party who obtained the temporary restraining order must be ready to proceed and must have served upon the opposite party at least two days prior to such hearing, a copy of the complaint and of all affidavits to be used in such application and a copy of his points and authorities in support of such application; if he be not ready, or if he shall fail to serve a copy of his complaint, affidavits and points and authorities, as herein required, the court shall dissolve the temporary restraining order." While points and authorities were served upon defendant in the action brought by the city, prior to the time fixed for the hearing of the restraining order first granted and thereafter vacated, no points and authorities were so served in support of the application made and set for hearing on February 3d. Upon the vacation of the restraining order first granted, the proceeding for temporary injunction terminated. The service of such points and authorities for use at the hearing thereof cannot, as to the order here involved, be deemed a compliance with the provisions of the statute, which in absolute terms requires the applicant for an injunction to serve upon the opposite party, at least two days prior to such hearing, a copy of his points and authorities. [3] Not only was there a failure of the plaintiff in said action to comply with this provision, but it appears from the application made for a continuance that there was an absence of compliance with

the provision of the statute to the effect that at the time fixed for the hearing, the applicant for the injunction *must be ready* to proceed with the hearing. Otherwise, in express and positive terms, the statute provides that "the court *shall dissolve the temporary restraining order.*" The purpose of the statute is plain. In enacting it the legislature intended not only that an injunction should not be granted without notice, but that the power of the court to restrain the act sought to be enjoined temporarily should be restricted to the time specified in the statute. The illness of an attorney cannot be deemed ground for continuing a restraining order in effect beyond the time fixed by statute, nor is it an excuse for noncompliance with its terms, any more than such illness would excuse his client for failure to file notice of motion for a new trial within the time specified therefor. In this proceeding it appears that the city attorney knew of his engagements in another department, and knew that his deputy, M. R. Thorp was ill, although he appeared in court and stated that he had his points and authorities prepared to submit, and further appears the city attorney had two other deputies who might have appeared and represented the city. The provisions of section 527 provide a complete scheme in a proper case for the obtaining of a writ of injunction, and such scheme must be deemed the measure of the power to be exercised by trial courts in the matter of provisional injunctions. (*United Railroads* v. *Superior Court,* 170 Cal. 755, [Ann. Cas. 1916E, 199, 151 Pac. 129].) The effect of the order made was to nullify the terms of the statute, which are so plain and unambiguous that no room exists for interpretation. (*German Sav. etc. Society* v. *Aldrich,* 5 Cal. App. 215, [89 Pac. 1063].)

[4] By its action in continuing the hearing the court was, in our opinion, divested of jurisdiction to take any action on February 10th other than to dissolve the restraining order so issued. It follows from what has been said that the peremptory writ of prohibition should be granted. It is, therefore, ordered that the respondent refrain and desist from any action or proceeding based upon the restraining order made on February 3, 1919, or the order made on February 11, 1919, granting a temporary writ of injunction, or the enforcement thereof, in that certain cause wherein the city of San Diego is plaintiff and Van R. Kelsey and James C. Byers are defendants, now pending in the superior court of San Diego

County, other than to make an order dissolving the restraining order and temporary writ of injunction so granted in said matter.

Conrey, P. J., and James, J., concurred.