[Civ. No. 4626.  Second Appellate District, Division One.—January 11, 1924.]

MAX GREEN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] INJUNCTION—TEMPORARY RESTRAINING ORDER—JURISDICTION.—The measure of the power to be exercised by the trial court in the matter of provisional injunctions is contained within the provisions of section 527 of the Code of Civil Procedure, and the language of that section is so plain and unambiguous that no room exists for interpretation.

[2] ID.—FAILURE TO SERVE AFFIDAVITS TWO DAYS BEFORE HEARING. Where the affidavits to be used by plaintiff in support of her application for a temporary injunction are not served upon defendant at least two days prior to the hearing of the order to show cause, the superior court has no jurisdiction therein other than to dissolve the temporary restraining order.

APPLICATION for a Writ of Prohibition to require the Superior Court of Los Angeles County, and Harry R.

Archbald, Judge thereof, to desist from any proceeding upon a temporary injunction. Writ granted.

The facts are stated in the opinion of the court.

J. W. Satterwhite for Petitioner.

J. Edward Keating and Craig & Bromley for Respondents.

HOUSER, J.—This is an application for a writ of prohibition to be directed to the superior court in and for the county of Los Angeles and to Harry R. Archbald, as judge thereof, requiring the said respondents to desist from any action or proceeding based upon a temporary injunction following a restraining order issued out of said court under the order of the said judge.

The facts appear to be that Rosa Green had brought a suit in accounting against Max Green and had obtained from the court an order restraining the defendant from dealing generally with the subject matter of the action and directing defendant to show cause on the eighteenth day of October, 1923, why a temporary injunction pending the trial of the cause should not be issued to the same effect. In accordance with the said order, the defendant personally appeared—his attorney being excusably absent. Although the order to show cause did not appear on the court's calendar, the matter was nevertheless called; and, according to the return, as appears by the affidavit of the judge filed herein, the defendant personally requested a continuance, to which request the attorneys representing plaintiff consented; and an order was thereupon made by the court continuing the hearing of said order to show cause until October 26, 1923. On said date defendant served on plaintiff and filed in the action a counter-affidavit setting up certain matters not relevant here, and plaintiff also filed therein two affidavits neither of which was in reply to anything contained in defendant's counter-affidavit and which affidavits of plaintiff had been prepared preceding the date of service of defendant's counter-affidavit, and preceding said date of hearing of the order to show cause. Over defendant's objection, the court proceeded to hear the matter; received in evidence plaintiff's said two affidavits and ordered a temporary injunction to issue.

Defendant assigns several reasons why the court had no jurisdiction to order a temporary injunction in the premises; but for the purpose of deciding the question of whether or not a writ of prohibition should issue, but one of such reasons need receive consideration by this court. Section 527 of the Code of Civil Procedure, which indicates the necessary steps to be taken in obtaining a temporary injunction, contains, among other provisions, the following: ''When the matter first comes up for hearing the party who obtained the temporary restraining order must be ready to proceed and must have served upon the opposite party at least two days prior to such hearing, a copy of the complaint and of all affidavits to be used in such application and a copy of his points and authorities in support of such application; if he be not ready, or if he shall fail to serve a copy of his complaint, affidavits and points and authorities as herein required, the court shall dissolve the temporary restraining order.''

In the case of *Kelsey* v. *Superior Court,* 40 Cal. App. 229 [180 Pac. 662], it was held that a failure by the plaintiff to serve on the defendant a copy of his points and authorities at least two days before the hearing was sufficient to divest the court of jurisdiction, excepting for the sole purpose of dissolving the restraining order theretofore issued; that consequently the order of temporary injunction issued by the court was a nullity; and that a writ of prohibition should issue as against further proceedings under such order. The language of the statute covering the situation here is plainly to the effect that, unless all affidavits to be used on the hearing be served upon the opposite party at least two days prior thereto, the court shall dissolve the restraining order. The facts of the instant case are that certain affidavits used by the plaintiff were not served on the defendant until the day of the hearing. The evident purpose of the statute is to prevent surprise—to the end that no unfair advantage may be taken of the defendant in the way of evidence which has not been anticipated. An examination of the record herein discloses that entirely new matter was injected into the case by the allegations contained within the affidavits presented by the plaintiff on the day of the hearing, and it might well be that the defendant was entirely unprepared to meet such new issues. That fact, however,

is beside the point for the reason that the statute leaves no room for the exercise of discretion by the court. As bearing upon the duty of the court where all the affidavits used on the hearing were not served as directed by the statute, what the affidavits contained is entirely immaterial. The court is neither required nor permitted to determine either the substance or the effect of the affidavits; the allegations thereof may be germane or they may be wholly irrelevant so far as affecting the propriety of the action by the court as indicated by the statute is concerned. Where it appears that affidavits which were used on the hearing were not served on the opposite party at least two days before such hearing was had, one duty only is prescribed; and that is, an order dissolving the restraining order. [1] The measure of the power to be exercised by the trial court in the matter of provisional injunctions is contained within the provisions of the section of the code to which reference has been made (*United Railroads* v. *Superior Court,* 170 Cal. 758 [Ann. Cas. 1916E, 199, 151 Pac. 129]), and the language of that section is so plain and unambiguous that no room exists for interpretation. (*Kelsey* v. *Superior Court,* 40 Cal. App. 236 [180 Pac. 662]; *German Sav. etc. Society* v. *Aldrich,* 5 Cal. App. 216 [89 Pac. 1063].) [2] We see no escape from the conclusion that because of the fact that plaintiff did not serve upon defendant at least two days prior to the hearing of the order to show cause "a copy of . . . all affidavits to be used in such application," the superior court had no jurisdiction therein other than to dissolve the temporary restraining order.

It follows that the respondents should proceed no further in the premises other than to order the dissolution of the restraining order and the order of temporary injunction. It is so ordered.

Conrey, P. J., and Curtis, J., concurred.