[L. A. No. 8496.   In Bank.—July 18, 1925.]

## THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF THE COUNTY OF LOS ANGELES et al., Respondents.

[1] INJUNCTION—VERIFICATION OF COMPLAINT—SUFFICIENCY OF.—While a verification of a complaint by one who, after deposing therein that he was the president of the corporation plaintiff, proceeded to state that "He has read the foregoing complaint and knows the contents thereof and that the facts stated therein are true," does not in precise form or verbiage conform to the language of section 446 of the Code of Civil Procedure, it is sufficient to constitute said complaint a verified complaint in compliance with section 527 of the Code of Civil Procedure, requiring the complaint to be verified in order to form a basis for the issuance of a preliminary injunction.

[2] ID.—VERIFICATION—JURISDICTION TO ISSUE TEMPORARY RESTRAINING ORDER—SUBSEQUENT GRANTING OF PRELIMINARY INJUNCTION.— The point that the superior court acquired no jurisdiction to issue or enforce a temporary restraining order because the verification to the complaint, upon which the restraining order was based, was insufficient, is no longer available to a petitioner for a writ of prohibition to prevent the enforcement of an injunction *pendente lite*, where said temporary restraining order has fulfilled its function and been supplanted by the preliminary injunction which was based in part, at least, upon plaintiff's verified complaint and upon affidavits served and filed on behalf of the plaintiff.

[3] ID.—TEMPORARY RESTRAINING ORDER EX PARTE—COMPLIANCE WITH STATUTE—PRELIMINARY INJUNCTION—JURISDICTION.—Where at the time of issuing a temporary restraining order, which was based upon plaintiff's verified complaint, the court made an order fixing as the date for the hearing of plaintiff's application for a preliminary injunction the eighth day thereafter, and three days before the date so fixed plaintiff filed a supporting affidavit purporting to supplement the averments of the complaint as to why the defendants should be enjoined pending the action, plaintiff having also filed its points and authorities in support of its application at the time of filing its complaint, there was a full compliance with the requirements of the provisions of section 527 of the Code of Civil Procedure, relating to the issuance of a temporary restraining order *ex parte;* and plaintiff's application for a preliminary injunction was therefore regularly before the court for hearing upon the date so fixed and the court had jurisdiction to then hear and determine said application for an injunction *pendente lite.*

[4] ID.—SERVICE OF DEFENDANTS' COUNTER-AFFIDAVITS ON APPLICATION FOR PRELIMINARY INJUNCTION—TIME—CONTINUANCE—JURISDICTION.—Where the defendants did not serve or file their affidavits in opposition to plaintiff's application for a preliminary injunction two days prior to the hearing thereof, the trial court had jurisdiction to grant plaintiff's request for a continuance of the hearing upon its application for such injunction in order to enable plaintiff to respond to the defendants' counter-affidavits, and fix as the date of the hearing the fifth day thereafter; and it would also seem clear that under the intendments of section 527 of the Code of Civil Procedure the court had also power to continue in force the temporary restraining order theretofore issued by it *ex parte,* to the end that whatever preliminary injunction it might conclude to issue might not be ineffectual.

[5] ID. — AFFIDAVITS IN OPPOSITION TO DEFENDANTS' COUNTER-AFFIDAVITS—TIME OF SERVICE AND FILING.—The serving and filing by plaintiff on the day to which the hearing on the preliminary injunction was continued of its further affidavits in opposition to the counter-affidavits of defendants was proper, there being nothing in the statute which requires the serving and filing of such further affidavits to be made two days before the date of the hearing.

[6] ID.—SECTION 527, CODE OF CIVIL PROCEDURE—CONSTRUCTION OF.—The provision of section 527 of the Code of Civil Procedure, which requires the plaintiff receiving a temporary *ex parte* restraining order and applying for a preliminary injunction upon notice to serve his affidavits two days prior to the date first set for hearing upon said application has reference only to such hearing, and the only penalty imposed by said section upon his failure to so serve his said affidavits is the dissolution of the temporary restraining order.

[7] ID.—AFFIDAVITS—TIME OF SERVICE AND FILING—JURISDICTION.— When the provisions of the statute have been satisfied and the trial court has acquired jurisdiction to hear and determine the plaintiff's application for a preliminary injunction upon the day first appointed for such hearing or to continue such hearing to a later date, the fact that further affidavits in opposition to defendants' counter-affidavits are served and filed by plaintiff on the date to which the hearing has been continued does not deprive the court of jurisdiction over the subject matter of such hearing.

[8] ID. — PRELIMINARY INJUNCTION — PROHIBITION — CONSIDERATION OF AFFIDAVITS—JURISDICTION.—In this proceeding in prohibition to prevent the enforcement of an injunction *pendente lite,* an examination of the further affidavits filed by plaintiff on the day to which the hearing for the preliminary injunction was continued does not bear out the construction that such further affidavits were not in fact counter-affidavits to the showing in opposition to the

granting of said injunction, but were part of the original showing which the plaintiff should have served and filed two days prior to the date first fixed for such hearing, and hence that such affidavits should not have been considered by the trial court in determining to issue such preliminary injunction; and even if it were true that some portions of plaintiff's said affidavits consisted of matter which should have been earlier presented, and if it also be true that the trial court considered such portions thereof in concluding to grant the preliminary injunction, its action in so doing would be simply error in the exercise of its acquired jurisdiction which might be corrected upon appeal, but which cannot be considered upon this application for a writ of prohibition.

(1) 14A C. J., p. 852, n. 23; 32 C. J., p. 336, n. 4.   (2) 32 C. J., p. 338, n. 41 New.   (3) 32 C. J., p. 363, n. 70.   (4) 32 C. J., p. 353, n. 5 New.   (5) 32 C. J., p. 353, n. 5 New.   (6) 32 C. J., p. 353, n. 5 New.   (7) 32 C. J., p. 286, n. 66 New.   (8) 32 Cyc., p. 617, n. 18.

PROCEEDING in Prohibition to prevent the enforcement of an injunction *pendente lite* granted by the Superior Court of Los Angeles County. F. C. Valentine, Judge. Writ denied.

The facts are stated in the opinion of the court.

Jess E. Stephens, City Attorney, and Chas. B. MacCoy, Deputy City Attorney, for Petitioner City of Los Angeles.

Charles J. Kelly for Petitioner Eddie.

Charles H. Mattingley for Respondents.

RICHARDS, J.—The petitioners herein apply for a writ of prohibition, whereby they seek to prevent the respondent Superior Court of the County of Los Angeles and Honorable F. C. Valentine, one of the judges thereof, from taking any further proceedings in connection with or in the matter of the enforcement of a certain injunction *pendente lite* issued by said court through the said judge thereof in a certain action entitled *Los Angeles Rock & Gravel Corporation, Plaintiff,* v. *The City of Los Angeles and E. C. Eddie, Defendants,* commenced on August 14, 1924, and since pending in said court. The petition sets forth in substance that in the complaint in said action the plaintiff prayed for and was accorded a temporary restraining order, and also prayed

for an injunction *pendente lite* and for a permanent injunction restraining the defendants from doing the acts and things set forth and complained of in said complaint. At the time of issuing said temporary restraining order the said court also issued an order to show cause on the twenty-second day of August, 1924, in said court, why said temporary restraining order should not be made permanent. The said temporary restraining order and order to show cause were each issued upon the complaint in said action alone and no affidavits in support of said application for said orders or either of them or of their issuance were presented at the time of the making and issuance thereof, but that on the nineteenth day of August, 1924, there were served and filed certain affidavits on behalf of said plaintiff and in support of its application for an injunction. On the twenty-second day of August, 1924, at the hour set for the hearing upon said order to show cause, the defendants in said action served upon the plaintiff and filed in said court their respective demurrers, answers, and counter-affidavits in opposition to the plaintiff's said application for an injunction. The plaintiff thereupon requested that its application for an injunction *pendente lite* be continued to a later date because of the fact that the counter-affidavits of the defendants, which were voluminous, had just been served. The court granted said request and the hearing upon the plaintiff's application for an injunction was accordingly continued until the twenty-seventh day of August, 1924. When said matter came up for hearing in said court on August 27, 1924, the plaintiff served upon the defendants certain further and additional affidavits in support of its said application and in reply, in part, at least, to the counter-affidavits which had theretofore been filed by said defendants. When said matter was called for hearing on said last-named day the defendants objected to the consideration by the court of the plaintiff's said last-mentioned affidavits upon the ground that said affidavits had not been served at least two days prior to such hearing; and also moved to strike said last-mentioned affidavits from the files. The defendants also objected to the consideration of said application upon the ground that the plaintiff's complaint had not been verified as required by statute. The defendants further moved to dismiss and vacate the temporary restraining order and

order to show cause upon the ground last stated. The court overruled these several objections of the defendants and denied their said motions based thereon, and proceeded to hear said matter and to consider all of the affidavits presented therein and to thereupon order an injunction *pendente lite* to issue in said cause; and such injunction *pendente lite* was thereupon issued and is being enforced, and is threatened to be continued in force against the petitioners herein. Wherefore they seek this writ. Upon the return to an alternative writ issued herein the plaintiff in said action and the respondent herein has presented an answer and return embracing the entire record and all of the pleadings, motions, and affidavits of the respective parties thereto and the rulings of the court made therein. We are thus placed in a position to fully consider the merits of the application for this writ and the response and opposition thereto.

[1] The first contention of the petitioner herein is that the said court in which said action was pending acquired no jurisdiction to issue or enforce a temporary or other restraining order therein, for the reason that the plaintiff's complaint therein was not verified, as required by the statute. The verification of said complaint was attempted to be made by one H. W. Hawley, who, after deposing therein that he was the president of said corporation plaintiff, proceeded to state that "He has read the foregoing complaint and knows the contents thereof and that the facts stated therein are true." While this verification does not in precise form or verbiage conform to the language of section 446 of the Code of Civil Procedure, it does substantially conform to the interpretation placed upon that section in the cases of *Newman* v. *Bird,* 60 Cal. 372, 375, and *Lassen* v. *Board of Dental Examiners,* 24 Cal. App. 767, 770 [142 Pac. 505]. It will therefore be held sufficient to constitute said complaint a verified complaint in compliance with section 527 of the Code of Civil Procedure requiring the complaint to be verified in order to form a basis for the issuance of a preliminary injunction. [2] This point, however, is no longer available to the petitioner herein, for the reason that even though the temporary restraining order issued by the court was void, because based upon an inadequately verified complaint without affidavits, said temporary restraining order has fulfilled its function and been supplanted by

196 Cal.—29

the preliminary injunction issued herein on August 27, 1924, and which was based in part, at least, upon the plaintiff's verified complaint and upon the affidavits served and filed on behalf of the plaintiff on August 19, 1924.

[3] The sole question herein is, therefore, as to the power and jurisdiction of said court to order and issue this latter injunction. A further statement of the facts as disclosed by the record herein will be required in order to a proper determination of this question. Following the order of the court made on August 14, 1924, fixing the date of August 22, 1924, for the hearing upon the plaintiff's application for a preliminary injunction, the plaintiff, on August 19, 1924, filed a supporting affidavit of one H. W. Hawley, president of the plaintiff corporation, purporting to supplement the averments of its complaint as to why the defendants should be enjoined, pending the action, from doing the acts complained of. The plaintiff having also filed its points and authorities in support of its application at the time of filing its complaint, had thus fully complied with the requirements of the provisions of section 527 of the Code of Civil Procedure, relating to the issuance of temporary restraining orders *ex parte;* and the court, in fixing the date of August 22, 1924, for the hearing upon the plaintiff's application for an injunction *pendente lite,* had also acted within the authority granted it by said section. The matter was therefore regularly before the court for hearing upon said last-named day and the court had jurisdiction to then hear and determine the plaintiff's said application for an injunction *pendente lite;* or, under certain conditions, also provided for in said section 527 of the Code of Civil Procedure, to continue the hearing thereon to a later date. These conditions are embodied in the further terms of said section, which provide that "The defendant, however, shall be entitled as of course to one continuance for a reasonable period if he desires it to enable him to meet the application for the preliminary injunction." [4] In this case the defendants did not request or desire such continuance, but in response to the order to show cause, and at the time fixed for the hearing thereon, presented, served, and filed affidavits in opposition to the plaintiff's application for a preliminary injunction. Not having, however, served or filed such affidavits two days prior to said hearing, the fur-

ther provision of said section of the code came into play, which entitled the applicant for the preliminary injunction to a continuance of said hearing in order to enable plaintiff to respond to the defendants' said counter-affidavits. The trial court had, therefore, jurisdiction to grant the plaintiff's request for such continuance, and hence to make its order fixing August 27, 1924, as the date for hearing the plaintiff's motion for a preliminary injunction; and having such power it would also seem clear that under the intendments of said section of the code it had also power to continue in force the temporary restraining order theretofore issued by it *ex parte,* to the end that whatever preliminary injunction it might conclude to issue might not be ineffectual. When the matter of the issuance of such preliminary injunction came on for hearing upon August 27, 1924, the plaintiff presented and served and offered for filing its further affidavits in opposition to the counter-showing which the defendants had proffered upon the date set for the previous hearing, whereupon the defendants made the several objections to the receipt or consideration thereof and to the hearing itself which are above set forth and which form the basis of its present application for a writ of prohibition. The trial court overruled these objections and proceeded to hear and consider the matter upon the plaintiff's said verified complaint and upon all of the affidavits then before it. That it did so properly upon the basis of the plaintiff's verified complaint we have already above determined. That it also did so properly upon the basis of its order continuing the matter of said hearing from the date first fixed for such hearing we have also above determined. [5] As to the defendants' objection to such hearing upon the date last set therefor, based upon the fact that the plaintiff had not presented, served, and filed its counter-affidavits to the defendants' showing two days before said last-named date of hearing, we find nothing in the statute which so requires. [6] The provision in section 527 of the Code of Civil Procedure which requires the plaintiff receiving a temporary *ex parte* restraining order and applying for a preliminary injunction upon notice to serve his affidavits two days prior to the date first set for hearing upon said application has reference only to such hearing, and the only penalty imposed by said section upon his failure to so serve

his said affidavits is the dissolution of the temporary restraining order. [7] When the provisions of the statute have been satisfied and the trial court has acquired jurisdiction to hear and determine the plaintiff's application for a preliminary injunction upon the day first appointed for such hearing or to continue such hearing to a later date, there is no provision in the statute nor is there any authority to which we have been cited which declares that the court shall lose its jurisdiction over the subject matter of such hearing for the reasons which are urged by the petitioners herein. The case of *Green* v. *City of Los Angeles,* 65 Cal. App. 237 [223 Pac. 582], has no application to the facts of this case or to the order or orders of the trial court which form the subject of assault in this proceeding.

[8] It is, however, contended by the petitioners herein that the affidavits which the plaintiff finally filed on August 27, 1924, were not in fact counter-affidavits to the showing in opposition to the granting of said preliminary injunction presented, served, and filed by the defendant upon the previous date, but were part of the original showing which the plaintiff should have served and filed two days prior to the date first fixed for such hearing, and hence that such affidavits should not have been considered by the trial court in determining to issue such preliminary injunction. An examination of such affidavits does not bear out this latter construction, since some considerable portions thereof at least consist in statements in rebuttal of the defendants' said counter-showing; and even if it were true that some portions of the plaintiff's said affidavits consisted of matter which should have been earlier presented, and if it also be true that the trial court considered such portions thereof in concluding to grant the preliminary injunction, its action in so doing would be simply error in the exercise of its acquired jurisdiction which might be corrected upon appeal, but which cannot be considered upon this application.

The application for a writ of prohibition is denied.

Seawell, J., Shenk, J., Myers, C. J., Waste, J., Lawlor, J., and Houser, J., *pro tem.,* concurred.