[Civ. No. 8094. Second Appellate District, Division One.—February 17, 1932.]

JOHN T. HOUSER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

James R. Jaffray, Ira S. Hatch and Houser & Houser for Petitioner.

Everett W. Mattoon, County Counsel, S. V. O. Prichard, Deputy County Counsel, and Lynden Bowring for Respondent.

YORK, C. J.—This matter comes before this court on a writ of *certiorari* to review an order of the Superior Court of Los Angeles County, adjudging the petitioner to be in contempt of court, for having violated a restraining order issued in connection with an order to show cause why an injunction *pendente lite* should not be granted in the case of *Skillington* v. *Melberg et al.,* then pending in the Superior Court.

On August 3, 1931, a temporary restraining order was granted upon an order to show cause why an injunction *pendente lite* should not be granted and a bond was filed on granting of the temporary order. By stipulation, the hearing on the order to show cause was continued from August 10th to August 12th. On August 12th the order to show cause was heard, both parties being represented,—petitioner here being one of the counsel in said proceeding,—and the matter was then submitted for decision. On August 13th, the court entered its minute order granting an injunction *pendente lite* upon plaintiffs filing an additional bond of $1,000. On August 18th such bond was filed, and on August 19th, the formal order of injunction was signed and filed. However, on August 18th, *after* the filing of the bond, and when, as was found by the court, the petitioner herein had full knowledge of the restraining order and of the minute order of August 13th, petitioner did and performed the very act prohibited by the restraining order and by the terms of the formal order signed the day after, but ordered by the court on the thirteenth day of August. Upon these facts, the petitioner here was found guilty of contempt in violating the restraining order.

■ The sole question presented in this proceeding is whether or not the restraining order was in force between the time of the hearing upon the order to show cause on August 12th, and the *entry* of the *formal order* of injunction *pendente lite* on August 19th.

Petitioner contends that the restraining order ceased to exist as an effective restraint either at the time of the hearing upon the order to show cause of August 12th, or at

the time of the making of the minute order of August 13th, by which minute order the court announced its decision that an injunction *pendente lite* was granted upon plaintiffs filing a bond of $1,000.

Petitioner contends that at the time he committed the act complained of, he was not guilty of contempt by reason of the fact that there was no restraining order whatsoever in force on August 18th, the day that he caused the act to be performed.

We have been cited to no case wherein the question presented to us in this matter has been squarely decided. By taking a few words from some of the decisions cited, carefully omitting the actual facts and also omitting the limitations and qualifications therein set out, it is possible to get some authority in support of the contentions of both the petitioner and of the respondent. But, as we view the authorities cited, they do not decide any of the questions presented herein, and we have to make our decision unaided by any direct authority in this state.

We conclude, from the record before us, that the restraining order was in full force and effect up to the time of the actual entry of the order granting the "Injunction *Pendente Lite*", which was not entered until August 19, 1931, and that, therefore, the act committed by said John T. Houser was committed in violation of the temporary restraining order issued by the court.

The order is affirmed.

CONREY, P. J., Concurring.—I concur in the judgment. The decisions relied upon by petitioner are not, in my opinion, sufficient to sustain his position. I will here refer to the cases cited by him, except that I omit those which I think are not at all in touch with the question here to be decided. In *Cohen* v. *Gray*, 70 Cal. 85 [11 Pac. 508, 509], the court allowed a restraining order, together with an order to show cause why an injunction should not be granted, and thereafter granted an injunction *pendente lite*. On appeal from the second injunction order the Supreme Court remarked that "upon the entry of that order, the restraining order spent its force". It is clear enough that the court was not attempting to fix the precise moment when the restraining order would be succeeded by the injunction

*pendente lite,* for that was not a matter of question in the case. The same observation applies to *Curtiss* v. *Bachman,* 110 Cal. 433, 439 [52 Am. St. Rep. 111, 42 Pac. 910, 912], where it was said that "the restraining order made at the commencement of the action would expire by its own terms at the hearing of this motion". In *Maier* v. *Luce,* 61 Cal. App. 552 [215 Pac. 399, 400], it was shown that the superior court, on receiving an application for an injunction, issued an order to show cause, together with a restraining order. The restraining order was supported by a duly executed undertaking as required by the court. "On the hearing of the order to show cause therein the court held that the defendants had no right pending the hearing of the case to use cabs painted a yellow color. The cause was thereupon set for hearing two days later. No new bond was required by the court, nor was one ever given upon the temporary injunction, and on the subsequent hearing of the cause the court granted a motion for nonsuit." Later, the first judge having become disqualified, a motion for new trial was heard by another judge and was granted, with a provision in the order that "the said temporary injunction is hereby continued in full force and effect pending the further order of this court". Thereafter, the defendants were cited for contempt in that they violated the terms of the said temporary injunction. While this contempt proceeding was pending, the judge who had issued the temporary injunction caused to be entered a *nunc pro tunc* order correcting the minutes of the order made by him, so that the minutes as corrected showed that in addition to restraining the defendants from the use of yellow cabs, the bond given upon the temporary restraining order was continued in full force and effect as a bond upon the temporary injunction. Upon an application to this court for a writ of prohibition it was held that the court was without jurisdiction to proceed upon the contempt charge. This court there decided that since the corrected minutes were not in the record at the time of the alleged act of contempt the *nunc pro tunc* order could not be made the basis of a contempt proceeding; for the contents of that order had not been brought to the personal attention of the person thereby affected. No written undertaking having been required or given in connection with the temporary injunction which the court ordered,

the order was void because it did not comply with the requirements of the statute. I do not find in that decision any answer to the question now before us.

In the absence of any direct authority other than the statute itself (especially sec. 527, Code Civ. Proc.), we must treat the question as one of first impression. The proceedings on an application for a temporary injunction require a hearing upon notice. But in order that a party applying for such an injunction may be protected during the time required for proceedings under the notice and "order to show cause", it is provided that upon a proper showing of sufficient grounds therefor, the complaining party shall have the benefit of a temporary restraining order. (Code Civ. Proc., sec. 527.) This proceeding, as outlined in the statute, plainly contemplates that (with exceptions not pertinent here) the restraining order shall remain in force until the temporary injunction, if granted, has become effective against the party enjoined. This thought has been aptly expressed by describing the process as one whereby "said temporary restraining order has fulfilled its function and been supplanted by the preliminary injunction". (*City of Los Angeles* v. *Superior Court*, 196 Cal. 445, 449 [238 Pac. 670, 672].) This process by implication allows a reasonable time for filing the required undertaking and giving the necessary notice. As applied to the case at bar, before the order granting the temporary injunction could become an effective restraint upon the parties enjoined, and thereby "supplant" the restraining order, it was necessary that the required bond be approved and filed and that the order of injunction, or a sufficient notice thereof, be served upon the parties entitled to such notice. In the situation shown by the record here, I think that the continuous force and effect of the restraining order was not dissolved until the moment when the defendants became subject to the requirements of the temporary injunction. To hold otherwise would expose the law itself to a contempt which the statutory procedure was intended to prevent.

HOUSER, J., Concurring.—I concur in the judgment. Not only am I in accord with the reasoning presented by each of my associates, but in addition thereto, I am impelled to an identical conclusion from a consideration of the particular duty which an attorney owes to the court.

In the instant case, with full knowledge on the part of petitioner of the existence of the temporary restraining order, but in reliance upon what as to him amounted at most to a bare technicality, he deliberately chose to violate the order. Concededly the trial court had jurisdiction in the premises; and until vacated or other legal proceedings were had which might result in the order being set aside, such order should have been treated as binding and in full force and effect, especially by an attorney at law whose bounden duty required him to maintain the respect due to courts of justice (subd. 2, sec. 282, Code Civ. Proc.), and to refrain from disobedience of any lawful judgment, order or process of the court (subd. 5, sec. 1209, Code Civ. Proc.).

In the case of *Territory* v. *Clancy*, 7 N. M. 1108 [37 Pac. 1108], it is held (syllabus): "An attorney counseling his client to disregard the order of a court, upon the technicality that it was not formally promulgated, is guilty of contempt."

In the cited case it appeared that an associate justice of the Supreme Court had issued a writ of prohibition by which the county commissioners of Santa Fe County, New Mexico, were forbidden to take further action in certain proceedings then pending before said board, but that notwithstanding such writ an attorney who had been consulted by said board gave it the advice that because the said writ was not directed to the board of county commissioners, it was under no obligation "to recognize the order of the said associate justice . . . though duly brought to their attention and its contents explained". In passing upon the question as to whether such conduct on the part of the attorney constituted contempt, in part the court said:

"It cannot be tolerated that a person enjoying the privilege of practicing his profession before this court should deem it legitimate to counsel the disregard of its order upon the technicality that it was not formally promulgated by the clerk of the court, and duly directed. Knowing that such an order existed, and that in effect it was the action of this court, he should, in a proper appreciation of his relations to this court, have realized that it was incumbent upon him to admonish a due observance of the provisions of its order, rather than encourage premeditated and precipitate violation thereof. Apprised that an associate justice of

this court had declared that sufficient cause existed to forbid the exercise of assumed jurisdiction by the said commissioners, it was his plain duty, as an honorable member of this bar, if called upon for counsel by the board, to inform them that the order was before them in substance, though not in form, and that they could not properly ignore it, no matter how great the disappointment to them of the arrest of their programme. That an attorney should hasten a body to acts deemed so questionable that their performance was forbidden by a tribunal duly authorized in the premises, for the purpose of taking advantage of delay in the formal completion of the order by the improper conduct of the ministerial officer of said court, cannot be too severely condemned, and it is well settled that any such practice is unworthy, and regarded as contempt. (*King* v. *Barnes,* 113 N. Y. 476 [21 N. E. 182].) We will, in consideration of the animus, however, which influenced the proceeding of the attorney now under consideration, pay due regard to his disclaimer of any intention to commit a contempt. It is therefore adjudged that the said C. A. Spiess be imprisoned in the county jail for 30 days, and suspended from practice as an attorney of this court for 12 months.'' The same principle is announced in *King* v. *Barnes,* 113 N. Y. 476 [21 N. E. 182]; *Ex parte Miller,* 37 Or. 304 [60 Pac. 999].

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 17, 1932, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 14, 1932.