[Civ. No. 8923.  First Appellate District, Division One.—April 25, 1933.]

RIVER FARMS COMPANY OF CALIFORNIA (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

John E. Truman, Manson & Allan, John L. McNab, Robert Littler, S. C. Wright and Chickering & Gregory for Petitioners.

Sullivan, Roche, Johnson & Barry for Respondents.

THE COURT.—A petition was filed in this court for a writ of prohibition to prevent the respondent superior court from enforcing a temporary injunction. An alternative writ issued, and the matter was presented on the petition and a demurrer thereto.

On December 9, 1932, Hiram W. Johnson, Jr., individually and as administrator of the estate of Edgar Laurence Dow, deceased, and Minnie L. Johnson (who will be hereafter referred to as the respondents), commenced an action in the Superior Court in and for the City and County of San Francisco to enjoin petitioners above named from proceeding with the sale of shares of stock of petitioner corporation by reason of the nonpayment of an assessment theretofore levied thereon. Thereafter on the same date respondents obtained without notice or the filing of a bond a restraining order based upon the allegations of the complaint, and therewith an order directing petitioners to show cause before respondent court on December 19, 1932, why a temporary injunction should not issue restraining the threatened sale. On December 17, 1932, respondents' points and authorities and petitioners' affidavits, together with their points and authorities, were duly served. On December 19, 1932, the date on which the order to show cause was made returnable, the respective parties to the action appeared in the department of respondent court in which the matter was pending and announced that they were ready to proceed. The trial judge announced that he would be unable to hear the matter on that day and that the same would be continued until a later date. Petitioners objected

to a continuance and requested that the matter be transferred to another department of the same court for hearing on the date fixed in the order to show cause. A transfer was refused as was likewise a request that respondents be required to file a bond pending the hearing of the order to show cause. The hearing was thereupon continued over objection to December 21, 1932.

It is not alleged that respondents were not ready to proceed or had failed to comply with the provisions of section 527 of the Code of Civil Procedure, or that they requested a continuance.

On December 21, 1932, petitioners moved the court to dissolve the restraining order, and objected to the hearing of the order to show cause on the ground that the continuance was in excess of the court's jurisdiction, and that by reason thereof the court had lost jurisdiction to proceed. The motion was denied and the objection overruled. The court proceeded to hear the matter, and on December 28, 1932, made its order for a temporary injunction. Following the filing of the required bond the temporary injunction was issued.

It is urged in the present proceeding that by the continuance the court was divested of jurisdiction other than to dissolve the restraining order, and that by granting a temporary injunction it acted in excess of its jurisdiction.

Section 527 of the Code of Civil Procedure provides, among other things, that "In case a temporary restraining order shall be granted without notice . . . the matter shall be made returnable on an order requiring cause to be shown why the injunction should not be granted on the earliest day that the business of the court will admit of but not later than ten days from the date of such order. When the matter first comes up for hearing the party who obtained a temporary restraining order must be ready to proceed, and must have served upon the opposite party at least two days prior to such hearing a copy of the complaint and of all the affidavits to be used in such application, and a copy of his points and authorities in support of such application. If he be not ready, or if he shall fail to serve a copy of his complaint, affidavits and points and authorities as herein required, the court shall dissolve the temporary retraining order. The defendant, however, shall be entitled

as of course to one continuance for a reasonable period if he desire it to enable him to meet the application for the temporary injunction. The defendant may in response to such order to show cause present affidavits relating to the granting of the preliminary injunction, and if such affidavits are served on the applicant at least two days prior to the hearing the applicant shall not be entitled to any continuance on account thereof. On the day on which such order is made returnable such hearing shall take precedence of all other matters on the calendar of said day except older matters of the same character and matters to which special precedence may be given by law."

It is not directly averred in the petition that older matters of the same character or matters to which special precedence was given by law were not upon the calendar for hearing at the hour the order to show cause was made returnable. A copy of the calendar is attached thereto, from which it appears that no matters having precedence were set for hearing at that hour, although it does appear that other orders to show cause were set down for hearing at a later hour on the same day. In the course of the proceedings the court stated that there were two earlier orders to show cause on the calendar for that day, but the order of continuance was not made for that reason. ▊ If there were sufficient legal grounds for the order the fact that the court acted upon insufficient or erroneous reasons would not affect its validity (*Kauffman* v. *Maier*, 94 Cal. 269 [29 Pac. 481, 18 L. R. A. 124]; *Gordon* v. *Roberts*, 162 Cal. 506 [123 Pac. 288]); nor would the court be permitted by an arbitrary or erroneous order to deprive itself of jurisdiction. In such a case *mandamus* would lie to compel the exercise of jurisdiction (*Golden Gate Tile Co.* v. *Superior Court*, 159 Cal. 474 [114 Pac. 978]; *Steineck* v. *Coleman*, 72 Cal. App. 244 [236 Pac. 962]).

Petitioners cite several cases in support of their claim that the court by its refusal to act on the return day lost jurisdiction. In *Kelsey* v. *Superior Court*, 40 Cal. App. 229 [180 Pac. 662], it appeared that plaintiff's points and authorities were not served as provided by the code section, and that due to the illness of one of his attorneys he was unable to proceed, and a continuance was granted at his request. It was held in view of those facts that the court

was without power to continue the matter, and by attempting to do so divested itself of jurisdiction to do other than to dissolve the restraining order.

In *Smith* v. *Superior Court*, 64 Cal. App. 722 [222 Pac. 857], the validity of an order continuing in force a restraining order theretofore issued depended upon the actual consent of an attorney for one of the parties. The appellate court found that contrary to the entry in the minutes of the trial court such consent had not been given, and that consequently the order was in excess of the court's jurisdiction.

*Green* v. *Superior Court*, 65 Cal. App. 237 [223 Pac. 582], was an application for a writ of prohibition. There the plaintiff had failed to serve in time the affidavits to be used in support of the application for a temporary injunction. *Northcutt* v. *Superior Court*, 66 Cal. App. 350 [226 Pac. 25], was a proceeding of the same character. There was a like failure to serve plaintiff's points and authorities, and it was held in both instances that the court was without jurisdiction except to dissolve the restraining order.

In addition to a want of readiness to proceed in the first case, in each of the cases cited there was a failure by plaintiff to comply with the code provisions. The opinions in these cases declare in effect that with the exceptions contained in the code section a continuance of the hearing of the order to show cause deprives the court of jurisdiction to take any further action other than to dissolve the restraining order. The exceptions referred to are that the defendant shall be entitled as a matter of course to one continuance, and that if he shall present affidavits relating to the granting of the preliminary injunction, and the same are served on plaintiff at least two days prior to the hearing, the latter shall not be entitled to a continuance on account thereof. The latter inferentially confers the power to grant the plaintiff a continuance in case the counter-affidavits are not served as provided in the Code section.

It is the general rule that the language of an opinion must be construed with reference to the facts presented by the case, and the positive authority of a decision is coextensive only with such facts (15 Cor. Jur., Courts, sec. 332, p. 941; *People* v. *Winkler*, 9 Cal. 234; *Estate of Whitney*, 171 Cal. 750 [154 Pac. 855]). When so con-

strued none of the cases cited or the code sections compels the conclusion that where there has been a compliance with the statute by a plaintiff, who is prepared to proceed and makes no request for a continuance, the court can by an order, whether erroneously or arbitrarily made, divest itself of jurisdiction so as to deprive the plaintiff of his rights under the statute (*Golden Gate Tile Co.* v. *Superior Court, supra*).

As stated, no bond was exacted by the court either at the time the restraining order issued or the order for a continuance was made. Petitioners claim that after the continuance the restraining order for want of a bond became ineffective. Section 527 of the Code of Civil Procedure provides for the issuance of restraining orders and temporary injunctions; and section 529 of the same code, with certain exceptions, requires a bond upon the issuance of an injunction. It has been held that good practice requires a bond upon the granting of a restraining order, but that the omission does not render the order void (*Bisca* v. *Superior Court*, 194 Cal. 366 [228 Pac. 861]). Nor does section 527 in terms require a bond to support a restraining order pending a hearing upon an order to show cause where a continuance has been properly granted. We are satisfied that such an omission, if erroneous, does not affect the power of the court to consider the questions presented by the order to show cause and to determine whether a temporary order should issue. (*Los Angeles* v. *Superior Court*, 196 Cal. 445 [238 Pac. 670]. See, also, *Houser* v. *Superior Court*, 121 Cal. App. 31 [8 Pac. (2d) 483], as to the effect upon a restraining order of delay in making a formal order of injunction *pendente lite* after the hearing on the order to show cause.)

As we have seen, the course followed by the court was due to no act or omission by respondents. If the facts in connection with the court's calendar justified its order, then petitioners have no complaint. If, on the other hand, the facts were not sufficient, then the action of the court was erroneous if not arbitrary; and under the cases cited it was not thereby divested of jurisdiction to hear the application.

For these reasons the alternative writ should be discharged, and it is so ordered.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.