[Civ. No. 4614. Second Appellate District, Division One.—December 12, 1923.]

FRANK C. SMITH, as Superintendent of Streets, etc., Petitioner, v. SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

[1] INJUNCTIONS—TEMPORARY RESTRAINING ORDER—CONSENT OF ATTORNEYS—COLLATERAL ATTACK ON MINUTES.—On an application for a writ of prohibition to be directed to a superior court to prevent further proceedings upon a temporary restraining order issued in another proceeding, where the validity of said order and the jurisdiction of the court to enter same are dependent upon the giving of actual consent thereto by the attorney for one of the parties affected by said order, which consent was not in fact given, the recital in the minutes of the court that said attorney was present in court and consented to the entry of the temporary restraining order is not conclusive of the fact.

[2] ID.—ABSENCE OF NOTICE OR CONSENT—RESTRICTED JURISDICTION.—Where a temporary restraining order is granted without notice to the person sought to be restrained thereby, and without the consent of such person or of his attorney, the power of the court to restrain the act sought to be enjoined is restricted to the period of ten days specified in section 527 of the Code of Civil Procedure, and is further restricted by the requirement that the matter be made returnable on an order requiring cause to be shown why the injunction should not be granted, on the earliest day that the business of the court will admit of, but not later than ten days from the date of such order.

PROCEEDING in Prohibition to prevent the Superior Court of San Diego County, and S. M. Marsh, Judge thereof, from proceeding further upon a temporary restraining order. Peremptory writ granted.

The facts are stated in the opinion of the court.

Crouch & Sanders, Sloane & Sloane and F. G. Blood for Petitioner.

S. J. Higgins, City Attorney, and Arthur F. H. Wright, Deputy City Attorney, for Respondent.

CONREY, P. J.—Petition for writ of prohibition. There is now pending in the superior court of the county of San

Diego an action entitled *People of the State of California, on Relation of Charles H. Harris, Plaintiff,* v. *The City of San Diego, a Municipal Corporation, and the City of East San Diego, a Municipal Corporation.* Said action is in the nature of *quo warranto,* wherein the plaintiff seeks to establish the invalidity of certain proceedings for the consolidation of the city of East San Diego with the city of San Diego.

The petitioner herein alleges that on the first day of November, 1923, by virtue of proceedings duly instituted and perfected for the improvement of certain streets in the city of East San Diego, it had become the duty of petitioner, as superintendent of streets of that city, to enter into a contract for said street improvement work under an accepted bid therefor; that on the first day of November, in the *quo warranto* action, the superior court issued a temporary restraining order whereby petitioner is restrained and commanded to desist and refrain from entering into any contract for or on behalf of said city of East San Diego or of the officers thereof or of the taxpayers, citizens or electors thereof, and to refrain from instituting, carrying on, perfecting or completing any proceeding for the improvement of any street or other public place in said city of East San Diego, "save and except in proceedings in which a contract has actually been signed on behalf of said city by the superintendent of streets, and a vested right has accrued, during the pendency of the above-entitled action, and until a final determination thereof." Petitioner alleges that the said temporary restraining order was made on the *ex parte* application of the city of San Diego and was not based upon a verified complaint or upon affidavits showing the existence of any grounds therefor, nor had any complaint or affidavit showing any grounds for the issuance of said injunction been filed in the said action or served upon petitioner; that no notice of any application for the said temporary restraining order was made upon petitioner nor anyone in his behalf, and petitioner had no notice of said application; that said temporary restraining order was made without a return day upon which petitioner might appear to show cause why the same should not continue for the pendency of the action, and that the said restraining order was made in violation of the provisions of section 527 of

the Code of Civil Procedure wherein it is provided that no temporary restraining order made *ex parte* and without notice shall be granted unless the matter shall be made returnable not later than ten days from the date of such order; that petitioner has made application to the superior court for the dissolution of said injunction, and that said court has refused to hear or determine the said matter or modify or amend the said restraining order; that said restraining order is made in excess of the jurisdiction of the superior court and it is the legal duty of petitioner to sign a contract with the California Construction Company for the said street, and that unless the said superior court be directed to refrain from further proceedings in connection with said temporary restraining order, said court will attempt to punish petitioner for performance of his legal duty as a violation of said unlawful order. The petition is duly verified.

A return to the alternative writ issued herein has been filed, duly verified by S. M. Marsh, one of the judges of said superior court. In its return, respondent denies that said temporary restraining order was made *ex parte* or without notice or stipulation or appearance by petitioner's attorney, or the said city of East San Diego; alleges that said order was made pursuant to a stipulation made in open court by the attorneys for the petitioner and by Arthur T. French, city attorney of the city of East San Diego and attorney for said petitioner, and by the city attorney and assistant city attorney of the city of San Diego, which stipulation was duly entered on the minutes of the superior court for November 1, 1923. A copy of the minute order, annexed to the return, is entitled in two actions, one being said *quo warranto* action and another being an action entitled *Arthur Tocque, Plaintiff,* v. *City of San Diego et al., Defendants.* It recites the appearance of Sloane & Sloane, Crouch & Sanders and F. G. Blood for the plaintiffs, and the appearance of S. J. Higgins, city attorney for the city of San Diego, and Arthur T. French, city attorney for the city of East San Diego, as attorneys for the defendants. The minute order further states: "By stipulation of Sloane & Sloane and F. G. Blood, Crouch & Sanders objecting, and S. J. Higgins, city attorney for city of San Diego, it is by the court ordered that an injunction *pendente lite,* in

the case of *Harris* v. *City of San Diego et al.,* be made, as more fully appears in the signed order filed herein . . . On motion of counsel for defendants herein, it is by the court ordered that the motion of the City of San Diego for a modification of the temporary restraining order in the case of *Tocque* v. *City of San Diego et al.,* be denied, and that by stipulation of respective counsel a temporary restraining order be granted in the case of *Harris* v. *City of San Diego et al.,* as more fully appears in the signed order filed herein.''

Respondent herein denies that said court has refused to hear or determine the application for dissolution of said injunction, and alleges the fact to be that said application is now pending in said *quo warranto* action, and that said motion of petitioner to modify and amend said restraining order will be heard and determined at such time as the matter may be presented for determination by the attorneys for the parties to said *quo warranto* action; that further proceedings in said action, including the motion to modify and amend said restraining order, have been continued upon the request and with the consent of the respective parties therein.

In said return, respondent further alleges that there is now pending in said superior court the said *quo warranto* action; that the petitioners in said action are represented therein by Crouch & Sanders, Sloane & Sloane and F. G. Blood (attorneys for petitioner in the present proceeding), and that defendants are represented therein by S. J. Higgins, city attorney of the city of San Diego, and Arthur F. H. Wright, deputy city attorney of that city, as attorneys for the city of San Diego, and by Arthur T. French, city attorney of the city of East San Diego, as attorney for the said city of East San Diego; that on the first day of November, 1923, before Hon. S. M. Marsh, judge of said superior court, personally appeared Hugh A. Sanders, of the firm of Crouch & Sanders; Harrison G. Sloane, of the firm of Sloane & Sloane, and F. G. Blood, on behalf of said petitioner, and S. J. Higgins, Arthur F. H. Wright, and M. R. Thorp, attorneys for the city of San Diego, and Arthur T. French, city attorney and attorney for the city of East San Diego, and in open court agreed and expressly stated to the court, in the hearing and presence of each

other, that a restraining order should issue out of the superior court restraining the defendant, the city of East San Diego, and its officers from certain acts specified in the restraining order set forth in the petition for the writ of prohibition herein; that pursuant to said stipulation so made in open court and entered on the minutes of the court, the judge of said court, the said S. M. Marsh, ordered the preparation of such restraining order; that thereafter Hugh A. Sanders, one of the attorneys for said petitioner, and Stanley T. Howe, deputy city attorney, on behalf of S. J. Higgins, city attorney of the city of San Diego, appeared before Judge Marsh and presented to him for his signature a restraining order; that said restraining order so presented was then and there modified in certain particulars, and with the consent and in the presence of said attorneys said restraining order so modified was signed by the said judge, same being the same restraining order attached to the petition for writ of prohibition herein; that said restraining order was signed pursuant to said stipulation and with the consent and at the request of the attorneys of record in said *quo warranto* action, and that by reason of said facts petitioner and his attorneys are estopped at this time to dispute the legality or validity of said restraining order or the jurisdiction or authority of respondent court to make and issue the same.

At the hearing on the return to the writ herein, petitioner presented counter-affidavits made respectively by petitioner Frank C. Smith, by A. Ray Sauer, Jr. (who is president of the board of trustees of the city of East San Diego), by Arthur T. French, by F. G. Blood, by Harrison G. Sloane and by Hugh A. Sanders. It was agreed that the evidence upon the issues raised by said return should consist of the said verified return and the said affidavits.

The affidavit of Frank C. Smith states that neither Crouch & Sanders, Sloane & Sloane, nor F. G. Blood had authority to represent him in any capacity prior to the ninth day of November, 1923, at which time he employed said attorneys to present his petition for writ of prohibition herein; that affiant had no knowledge of any stipulation or application relating to said restraining order in the *quo warranto* case until after said order had been made; that neither affiant nor any other officer, agent or employee of the city of East

San Diego, or any attorney for said persons, consented to the making of said restraining order.

The affidavit of A. Ray Sauer, Jr., states that neither of said attorneys last above named were attorneys representing or authorized to represent the said city of East San Diego nor any officer or agent thereof in connection with said *quo warranto* action, but that in fact said attorneys and all of them were and are attorneys for the plaintiff in said action, in which the city of East San Diego is a defendant; that Arthur T. French is the city attorney for the city of East San Diego and for all of its officers, agents and employees; that neither of said attorneys other than French had any authority to represent the city of East San Diego nor any officer thereof in said actions in the superior court on the first day of November, 1923, or to make any stipulation in such actions on their behalf; that the said temporary restraining order was not made pursuant to any stipulation or agreement by any authorized attorney for the city of East San Diego or any officer thereof.

The affidavit of Arthur T. French states that he is and at all times mentioned herein was city attorney of the city of East San Diego and the only attorney at law authorized to represent the said city of East San Diego and all of its officers, agents and employees in connection with said *quo warranto* action; that affiant was present on the first day of November, 1923, before the said Judge Marsh, when the *quo warranto* action and another action entitled *Tocque* v. *City of San Diego* were heard; that Judge Marsh refused to recognize Hugh A. Sanders as attorney for the plaintiff in said *quo warranto* action and only recognized the firm of Sloane & Sloane as attorneys in said action; that a stipulation was presented in said case by Harrison G. Sloane, and agreed to by the city attorney of the city of San Diego; that thereafter the court took up the said case of *Tocque* v. *City of San Diego,* in which said Sanders made an application for a continuance until the fifth day of November, and offered to stipulate that as far as the said Tocque was concerned, if the city of San Diego would consent to said continuance, that an order might be made restraining the city of East San Diego and its officers from signing any new contracts until the said fifth day of November, and no longer, but that the city attorney

of the city of San Diego refused to agree thereto and opposed said continuance; that after argument thereon, the court granted said application for a continuance and ordered that a restraining order be made restraining the officers and employees of the city of East San Diego from signing or entering into any new contracts until Monday, the fifth day of November, and no longer, when the matter could be heard; that affiant did not consent to the making of said order, nor have any part or connection therewith, and was not an attorney in said suit, but was merely in the courtroom as a spectator; that thereafter, on the same day, the said Judge Marsh signed a temporary restraining order in another action, to wit, the said *quo warranto* action, and made the said temporary restraining order run during the pendency of said action, the same being the restraining order attached to the petition for writ of prohibition herein; that neither affiant nor any officer, agent or employee of the city of East San Diego or any attorney for them had any knowledge of the making of said order, but that the said order was signed and made upon the *ex parte* application of the city attorney of the city of San Diego and without notice to affiant or to any of the said officers, agents, or employees of the city of East San Diego, and was not made in the case of Arthur Tocque; that thereafter, on the fifth day of November, upon the further hearing of the Tocque case, the matter was heard before Hon. W. P. Carey, judge of said superior court, and that the judge of said court, before going into said matter, requested Judge Marsh to come to his courtroom and state the status of the said temporary restraining order made on the first day of November; that thereupon Judge Marsh stated in the presence of Judge Carey, Sanders, Sloane & Sloane, and Blood, that he understood that Mr. Sanders had agreed that a restraining order might be made in the Tocque case, restraining the city of East San Diego from entering into any contract until Monday, the fifth day of November, when the matter would be finally heard; that later, Sanders and a deputy city attorney for San Diego presented themselves in his chambers, at which time the said deputy city attorney requested that the restraining order be made in the case of the people of the state of California instead of the Tocque case and made for the pendency of the action, and that

Mr. Sanders objected thereto and stated his objection over the telephone to the city attorney, but that notwithstanding such objection, he, the said judge, had signed the said order.

The affidavits of Blood, of Harrison G. Sloane, and of Sanders are substantially like that of French, so far as the principal transactions which occurred on the first day of November are concerned.

[1] The most sharply disputed question of fact is that relating to the consent of Mr. French to the making of the restraining order in the *quo warranto* case. As he was present in the courtroom when that case and the Tocque case were taken up for consideration on the first day of November, the court seems to have assumed that he took part in the stipulation, and made its recitals accordingly in its minutes. But we think that the recitals in the minutes are not conclusive of the matter in this proceeding, where the jurisdiction of the court to make the order depends upon actual consent having been given by French as attorney for the city of East San Diego and its officers, of whom the petitioner here was one.

We find that in fact the primary and principal discussion before the court related to the granting of a restraining order to continue until November 5th in the Tocque case. Mr. French was not an attorney in that case, and remained silent, as a mere bystander. It was determined by the court at that time that a restraining order should issue in the Tocque case, to remain in force until November 5th, when there would be a further hearing of that matter. Later in the day Mr. Sanders and Mr. Howe, a deputy city attorney of the city of San Diego, alone appearing before the judge in chambers, and the city of East San Diego not being represented, the restraining order, which is the subject of the present proceeding, was made in the *quo warranto* case instead of the Tocque case, and was made to continue in force "pending the determination of said action." The order signed by Judge Marsh is entitled in the *quo warranto* case alone and does not recite the appearances by counsel or any stipulation by them. The minute order which preceded the signed order and which is entitled in both cases, does recite the appearance of French as city attorney for the city of East San Diego and does state "that by stipulation of respective counsel" the tem-

porary restraining order is granted in the *quo warranto* case. But by reason of the facts to which we have referred concerning Mr. French's relation to the transaction, we think that the recital of his appearance as set forth in the minute order should be construed as referring only to the *quo warranto* case. Nevertheless, we find that in fact French did not stipulate to the granting of any temporary restraining order in that case, or at all.

[2] Since the injunction order in the *quo warranto* case was granted without notice to petitioner or to the city of East San Diego and without their consent and without consent of their attorney, it necessarily follows that the power of the court to restrain the act sought to be enjoined was restricted to the period of ten days specified in the statute, and was further restricted by the requirement that the matter be made returnable on an order requiring cause to be shown why the injunction should not be granted, on the earliest day that the business of the court would admit of, but not later than ten days from the date of such order. (Sec. 527, Code Civ. Proc.) The situation presented by the facts of this case is similar to that considered by this court in *Kelsey* v. *Superior Court,* 40 Cal. App. 229, 236 [180 Pac. 662], where this court said: "The provisions of section 527 provide a complete scheme in a proper case for the obtaining of a writ of injunction, and such scheme must be deemed the measure of the power to be exercised by trial courts in the matter of provisional injunctions. (*United Railroads* v. *Superior Court,* 170 Cal. 755 [Ann. Cas. 1916E, 199, 151 Pac. 129].) The effect of the order made was to nullify the terms of the statute, which are so plain and unambiguous that no room exists for interpretation. (*German Sav. etc. Society* v. *Aldrich,* 5 Cal. App. 215 [89 Pac. 1063].)"

In view of the facts and the law as hereinabove stated, we are of the opinion that in making and issuing its said restraining order in the *quo warranto* case the superior court exceeded its jurisdiction.

Let the peremptory writ issue.

Houser, J., and Curtis, J., concurred.