[Civ. No. 5808.   Third Appellate District.—January 22, 1937.]

JOHN EDWARD McDONALD, Petitioner, v. THE SUPERIOR COURT OF SIERRA COUNTY, Respondent.

James Snell for Petitioner.

A. J. Just for Respondent.

THOMPSON, J.—By means of a writ of prohibition the defendant in a pending divorce case seeks to prevent the trial court from proceeding to hear or determine an application for a provisional injunction on the ground that the court is without jurisdiction for the reason that a former temporary restraining order, which was set for hearing at a time more than ten days from the date thereof, contrary to the provisions of section 527 of the Code of Civil Procedure, was dismissed.

It is asserted the dismissal of the former order to show cause exhausted the jurisdiction of the court to hear or determine a subsequent application for injunction.

November 13, 1936, Laura E. McDonald filed in the Superior Court of Sierra County a suit for divorce against her husband, John E. McDonald, on the ground of extreme cruelty. It was alleged the spouses were possessed of separate and community property. The complaint was verified. Upon application therefor a temporary restraining order was granted, prohibiting the defendant from transferring or encumbering the property pending the divorce suit. The order to show cause was inadvertently made returnable for hearing on November 24, 1936, eleven days after the date thereof. Copies of the complaint, summons, temporary restraining order and the points and authorities in support thereof, were served on the defendant. By consent of respective parties the hearing of the order to show cause was continued to December 4, 1936. On the last-mentioned date the defendant appeared and moved to dissolve the temporary restraining order on the ground that the court was without jurisdiction to hear or determine the application for injunction for the reason that the order to show cause was not set for hearing within ten days from the date thereof as required by section 527 of the Code of Civil Procedure. The motion was granted and the temporary restraining order was dissolved.

Based upon the same verified complaint, the plaintiff, on the same day, December 4, 1936, applied for another temporary restraining order which was granted. The order to show cause was made returnable that day and was forthwith served

upon the attorney for the defendant who was present in court. The application for an injunction was not then heard, but, *upon motion of the defendant* it was continued to and set for hearing for December 11, 1936. More than two days prior to the last-mentioned date the plaintiff's points and authorities in support of the application were served on the defendant. On December 10, 1936, the present petition for a writ of prohibition was filed in this court to restrain the trial court from hearing or determining the second application for injunction pending the trial of the divorce case, on the ground that the court exhausted its jurisdiction by dismissing the original application therefor, and that the points and authorities in support of the second application for injunction were not served two days before the original date set for the hearing of the order to show cause.

The original order to show cause was void. The court was without jurisdiction to hear or determine that application for injunction for the reason that the order to show cause was set for hearing for a time beyond ten days from the date thereof, contrary to the requirements of section 527 of the Code of Civil Procedure. The original temporary restraining order was therefore properly dissolved. (Sec. 527, Code Civ. Proc.; *Kelsey* v. *Superior Court,* 40 Cal. App. 229 [180 Pac. 662]; *Smith* v. *Superior Court,* 64 Cal. App. 722, 730 [222 Pac. 857].) Section 527 of the Code of Civil Procedure provides in that regard:

"In case a temporary restraining order shall be granted without notice, in the contingency above specified, the matter shall be made returnable on an order requiring cause to be shown why the injunction should not be granted, on the earliest day that the business of the court will admit of, *but not later than ten days from the date of such order.*"

Since the original temporary restraining order was void and the court was without jurisdiction to hear or determine that application for an injunction, the plaintiff was authorized by section 527, *supra,* to apply either upon affidavits or on the verified complaint for another temporary injunction and an order to show cause why the defendant should not be restrained from transferring or encumbering the property of the spouses pending the trial of the divorce case. That is exactly what was done in the present proceeding. It is not necessary that the application for a temporary injunc-

656

tion shall be made at the time the complaint is filed. Nor does the issuing of a void order therefor preclude the court from thereafter granting a valid order for temporary injunction. If that contention were true, irreparable loss might result to the plaintiff in a divorce proceeding which a court of equity would be powerless to remedy. Section 527, *supra*, provides that "An injunction may be granted *at any time before judg-ment* upon a verified complaint, or upon affidavits".

▇ In the present case, due to the fatal defect in the original order to show cause, the first and only valid order to show cause why a temporary injunction should not issue was made on December 4, 1936, based upon the verified complaint which had been previously served on the defendant. It is true this order tentatively set the matter for hearing on the same day that it was granted. That was not in conflict with the statute. Section 527, *supra*, provides that the application "shall be made returnable on an order requiring cause to be shown why the injunction should not be granted, *on the earliest day that the business of the court will admit of*, but not later than ten days from the date of such order". This order was forthwith served on the defendant, who was then in court with his attorney. *On motion of the defendant* the hearing of the order to show cause was then set for December 11th, which was the seventh day after the date of the issuing of the order. This procedure conforms to the requirement of the statute. No hearing was had on December 4th. Section 527, *supra*, provides for a continuance of the hearing of the order to show cause, upon application of the defendant there-for, as a *matter of right*. This continuance is not confined to the ten days' limitation within which the hearing must be originally set. The section provides in part:

"The defendant, however, shall be entitled, *as of course*, to one continuance for a reasonable period, if he desires it, to enable him to meet the application for the preliminary in-junction."

▇ The defendant may not complain of a continuance which was granted at his own request.

A temporary restraining order is not necessarily void merely because it is not actually heard and determined within ten days from the date thereof, provided the applicant therefor is ready to proceed "when the matter first comes up for

hearing", and when he has served upon the adverse party the affidavits, order to show cause and points and authorities "at least two days prior to such hearing". The hearing may be lawfully continued at the request of the defendant, beyond the time prescribed by statute within which it must be set for hearing, or it may be continued beyond the ten days' period, when the necessary business of the court prevents it from hearing the matter within that time. A court may not arbitrarily divest itself of jurisdiction to hear an application for an injunction by continuing the hearing of the order to show cause to a time more than ten days from the date thereof. (*River Farms Co. of California* v. *Superior Court*, 131 Cal. App. 365 [21 Pac. (2d) 643].)

█ Nor does the court lack jurisdiction to hear the order to show cause why a temporary injunction should not issue because plaintiff's points and authorities were not served upon the defendant at the time the order was first made and served. The points and authorities were served upon the defendant more than two days before the hearing thereof on December 11th. Section 527, *supra*, merely provides that the party seeking to obtain the temporary restraining order "must have served upon the opposite party *at least two days prior to such hearing*, a copy of the complaint and all affidavits to be used in such application, and a copy of his points and authorities in support of such application". The statute does not require the points and authorities to be served two days prior to the original date set for the hearing. It merely provides that such authorities shall be served two days "prior to such hearing". The plaintiff sufficiently conformed to that requirement by serving upon the defendant her points and authorities more than two days prior to the time to which the hearing was continued on motion of the defendant, which was within the ten days' limitation for hearing prescribed by the statute.

The case of *Northcutt* v. *Superior Court*, 66 Cal. App. 350 [226 Pac. 25, 27], upon which the petitioner relies, is not authority in support of his contention that the points and authorities must be served at least two days prior to the original date fixed for the return of the order to show cause. In that case no points and authorities were ever served. The court says in that regard:

"The plaintiff never at any time served upon petitioner any copy of any points or authorities in support of her application for the restraining order which the court made."

The petition for a writ of prohibition is denied. The order to show cause is now *functus officio*. The court is therefore directed to issue a new order to show cause, pursuant to the provisions of the statute, fixing a time for the hearing thereof which will give the defendant a reasonable opportunity to appear and resist the application for injunction after service of the order and points and authorities upon him.

Pullen, P. J., concurred.