[Civ. No. 2410.   Fourth Appellate District.—December 22, 1938.]

AGRICULTURAL PRORATE COMMISSION et al., Petitioners, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Petitioners.

No appearance for respondents.

MARKS, J.—This is an original proceeding for a writ of prohibition seeking to prohibit the respondent court from enforcing, and requiring it to dissolve a temporary restraining order issued in a case pending in the respondent court entitled, *V. R. Smith and Others* v. *Agricultural Prorate Commission, Edson Abel, Secretary of Such Commission, and A. H. Harrison, Zone Agent of the Olive Proration Zone Number One.* We will refer to this case as the superior court action. No appearance has been made by or on behalf of respondent.

The superior court action sought to enjoin petitioners from, in any manner, interfering with plaintiffs' activities

in harvesting, preparing for market and selling, or marketing, their crops of olives.

■ On November 9, 1938, on *ex parte* application of plaintiffs in the superior court action a temporary restraining order was issued returnable on November 21, 1938, restraining defendants in that action from doing any act sought to be enjoined in the complaint. We are informed that on November 21, 1938, over the objection of defendants in that action, and without their consent, the restraining order was continued to December 5, 1938, and on that date, again over the objection and without the consent of defendants, was continued to December 19, 1938.

Section 527 of the Code of Civil Procedure contains the following:

"In case a temporary restraining order shall be granted without notice, in the contingency above specified, the matter shall be made returnable on an order requiring cause to be shown why the injunction should not be granted, on the earliest day that the business of the court will admit of, but not later than ten days from the date of such order.

"*Party obtaining order must be ready: Service of complaint, affidavits and points and authorities.* When the matter first comes up for hearing the party who obtained the temporary restraining order must be ready to proceed and must have served upon the opposite party at least two days prior to such hearing, a copy of the complaint and of all affidavits to be used in such application and a copy of his points and authorities in support of such application; if he be not ready, or if he shall fail to serve a copy of his complaint, affidavits and points and authorities, as herein required, the court shall dissolve the temporary restraining order."

In *McDonald* v. *Superior Court*, 18 Cal. App. (2d) 652 [64 Pac. (2d) 738], the court said:

"The original order to show cause was void. The court was without jurisdiction to hear or determine that application for injunction for the reason that the order to show cause was set for hearing for a time beyond ten days from the date thereof, contrary to the requirements of section 527 of the Code of Civil Procedure."

From what we have already said it is evident that the temporary restraining order was void and that the respondent exceeded its authority in making the order of continuance. The writ of prohibition will issue as prayed for.

Barnard, P. J., and Griffin, J., concurred.