Filed 11/9/23  George v. Hartman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| KOSHY PUTHUKKERIL GEORGE,<br><br>    Respondent,<br><br>    v.<br><br>ERIC FLOYD HARTMAN,<br><br>    Appellant. | H049735, H049886<br>(Santa Clara County<br>Super. Ct. No. 21CH010234) |

Code of Civil Procedure section 527.6[1] provides that "a hearing shall be held" on a petition for a civil harassment restraining order "[w]ithin 21 days, or, if good cause appears to the court, 25 days" from the date the trial court grants or denies the petitioner's ex parte request for a temporary restraining order (TRO).  (§ 527.6, subd. (g).)  Eric Floyd Hartman appeals from (1) the trial court's order granting Koshy Puthukkeril George's petition for a civil harassment restraining order after a hearing that took place more than 25 days after the court's ex parte issuance of a TRO; and (2) the order granting George's motion for attorney fees.[2]  Hartman disputes the trial court's jurisdiction to issue these orders.

_____

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] On our own motion, we ordered the two appeals (H049735 & H049886) considered together.

Because we conclude the procedural defects Hartman asserts did not divest the court of jurisdiction, we affirm the orders.

## I.      BACKGROUND[3]

In late August 2021, on George's ex parte request for a civil harassment restraining order and TRO against Hartman, the court issued the TRO and a notice of hearing, set 64 days later.  (No explanation appears in the record for this prolonged initial setting.)  At the hearing, George (now represented by counsel) did not stipulate to the court commissioner, who then continued the hearing to December 2021.  (See § 259, subd. (d) [conditioning commissioner's authority to act as temporary judge upon the "stipulation of the parties litigant"].)

Hartman filed a motion to dismiss the petition.  In his moving papers and at the December hearing, Hartman argued that the hearing should have taken place no later than September 25, and that the court thereafter lacked jurisdiction to decide the petition. When the trial court stated that it would proceed to hear George's request for a civil harassment restraining order,[4] Hartman left, announcing his intention to petition this court for a writ of mandamus and/or prohibition.  The hearing continued in Hartman's absence, and the court granted the requested restraining order.

As part of the order, the court awarded attorney fees in the amount of $1,000, the sum George initially specified in the restraining order application (Form CH-100) he submitted while self-represented.  The court indicated, however, that it would be open to a higher award of fees upon a separate noticed motion and adequate showing.

---

[3] We omit the underlying factual allegations, which are not material to Hartman's appeal.

[4] The trial court noted at the hearing that there had been "a number of continuances and challenges and refusals to stipulate to commissioners," but also that "with the Covid rules in place things have been delayed with the court."

2

George then filed a separate motion for attorney fees as the prevailing party pursuant to section 527.6, subdivision (s) seeking $41,762.31, including $2,000 for the time to prepare and file the fees motion. Hartman filed no opposition and did not appear at the hearing on the motion. In February 2022, the trial court granted the unopposed motion.

Hartman timely appealed.

## II.  DISCUSSION

### A.  *Standard of Review*

Section 527.6 provides that a person who has suffered harassment may seek a temporary restraining order and an order after hearing prohibiting harassment. (§ 527.6, subd. (a)(1).) " 'Harassment' " is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that served no legitimate purpose." (§ 527.6, subd. (b)(3).) An order prohibiting harassment shall be issued if a judge "finds by clear and convincing evidence that unlawful harassment exists . . . ." (§ 527.6, subd. (i).)

Generally, "[w]e review issuance of a protective order for abuse of discretion, and the factual findings necessary to support the protective order are reviewed for substantial evidence." (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226.) However, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712, fn. omitted (*Haraguchi*).)

Hartman's appeal presents a pure question of law—whether the trial court continued to retain jurisdiction at the time it ruled on the requests for a civil harassment restraining order and attorney fees, beyond 25 days from the issuance of the temporary

3

restraining order. Hartman's further contention that the trial court lacked jurisdiction to award an additional amount of attorney fees after granting the initially requested $1000 is likewise an issue of law. We accordingly review de novo without deference to the trial court. (*Haraguchi*, *supra*, 43 Cal.4th at p. 712.)

**B.** *The Restraining Order After Hearing*

Subdivision (f) of section 527.6 provides: "A temporary restraining order issued under this section shall remain in effect, at the court's discretion, for a period not to exceed 21 days, or, if the court extends the time for hearing under subdivision (g), not to exceed 25 days, unless otherwise modified or terminated by the court." As we have noted, subdivision (g) provides a corresponding time limit of "21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied" for hearing on the petition. Hartman contends that, by operation of these time limits, the temporary restraining order expired 25 days after issuance and the trial court lost jurisdiction to adjudicate George's request, with or without a temporary order pending the hearing.

Although we agree with Hartman that the superior court erred by setting the initial hearing more than 25 days after issuance of the temporary restraining order, nothing in section 527.6 suggests that the 25-day limit on the duration of initial temporary orders is jurisdictional. Section 527.6 itself contemplates a continuance of the hearing on the petition: subdivision (o) provides that "[t]he respondent shall be entitled, as a matter of course, to one continuance, for *a reasonable period*"—a continuance not apparently limited to the initial 21 or 25 days under subdivisions (f) and (g). (Italics added.) And beyond the respondent's entitlement, "[e]ither party may request a continuance of the hearing, which the court shall grant on a showing of good cause. The request may be made in writing before or at the hearing, or orally at the hearing. The court may also grant a continuance on its own motion." (§ 527.6, subd. (p)(1).)

4

We do not imagine the Legislature to have intended, when establishing the restrained party's entitlement to a first continuance "as a matter of course," to permit the restrained party to divest the court of jurisdiction merely by invoking that entitlement. Indeed, "[u]nless the Legislature clearly expresses a contrary intent, time limits are typically deemed directory." (*People v. Allen* (2007) 42 Cal.4th 91, 102.) Even when "a provision is mandatory, cases have held that the failure to comply with its requirements does not necessarily mean a court loses *fundamental* jurisdiction resulting in 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' " (*Id.* at p. 101, fn. 5; see also *Arbaugh v. Y&H Corp.* (2006) 546 U.S. 500, 510 [concluding that "time prescriptions, however emphatic, 'are not properly typed "jurisdictional" ' "].)

In *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770 (*Adler*), the appellant filed a petition for injunction prohibiting harassment, after which the trial court issued an order to show cause and temporary restraining order, returnable for hearing 14 days later. On the date of the hearing, no judge was available and appellant's attorney refused to stipulate to a temporary judge. (*Id.* at p. 1773.) The matter was continued and appellant's attorney then filed a request for dismissal with prejudice. (*Id.* at p. 1774.) Ultimately, the trial court granted a motion for attorney fees for respondent as prevailing party. (*Ibid.*)

On appeal, the appellant argued that the court lost jurisdiction when the TRO expired on the originally scheduled hearing date. (*Adler*, *supra*, 21 Cal.App.4th at p. 1774.) The appellate court disagreed: "Appellant incorrectly equates the continued validity of the TRO with the court's jurisdiction to hold a hearing on the underlying petition for injunction or on a motion for attorney fees." (*Id.* at p. 1775.) It stated that "[t]he hearing may be lawfully continued beyond the statutory time at the request of the defendant, when the necessary business of the court prevents it from hearing the matter within that time, and when defendant's counteraffidavits are not served as provided in

5

that code section." (*Id.* at pp. 1775-1776.)  We agree with *Adler* that the trial court is not divested of jurisdiction based on a hearing date outside the statutory time period in section 527.6.

For the contrary proposition, Hartman relies exclusively on *Agricultural Prorate Commission v. Superior Court of Riverside County* (1938) 30 Cal.App.2d 154 (*Agricultural Prorate Commission*).  In that case plaintiffs obtained a temporary restraining order under section 527, returnable 12 days later.  (*Id.* at p. 155.)  Over the objection of the defendants, the court extended the TRO and continued the hearing for another 28 days.  (*Ibid.*)  Citing section 527 and *McDonald v. Superior Court of Sierra County* (1937) 18 Cal.App.2d 652 (*McDonald v. Superior Court*), the appellate court concluded that "it is evident that the temporary restraining order was void and that the [trial court] exceeded its authority in making the order of continuance." (*Agricultural Prorate Commission*, *supra*, at p. 156.)

Although the availability of a civil harassment TRO today is governed in part by section 527 (see § 527.6, subd. (d)), *Agricultural Prorate Commission*'s application of section 527 does not control here.  Section 527, in 1938, provided that " '[w]hen the matter first comes up for hearing the party who obtained the temporary restraining order must be ready to proceed . . . ; if he be not ready, or if he shall fail to serve a copy of his complaint, affidavits and points and authorities, as herein required, the court shall dissolve the temporary restraining order.' " (*Agricultural Prorate Commission*, *supra*, 30 Cal.App.2d at p. 155.)  But in 1994, the Legislature amended section 527 to add subdivision (f), which provides that, "[n]otwithstanding failure to satisfy time requirements of this section, the court may nonetheless hear the order to show cause why a preliminary injunction should not be granted if the moving and supporting papers are served within the time required by Section 1005" and certain conditions are satisfied. (§ 527, subd. (f) (added by Stats. 1994, ch. 587, § 5).)  The Law Revision Commission Comments to the statute provide that subdivision (f) was "added to make clear that if the

6

time requirements of this section are not satisfied or if the order to show cause is issued without a temporary restraining order, the court may still hear the matter if the papers are served within the time provided by Section 1005 for a notice of motion. . . . This changes the result in *McDonald v. Superior Court* . . . ." (Recommendation: Relating to Orders to Show Cause and Temporary Restraining Orders (Jan. 1994) 24 Cal. Law Revision Com. Rep. (1994) p. 616, italics added.) The continued validity of *Agricultural Prorate Commission* is consequently in doubt.

As to the merits of George's request for a civil harassment restraining order, Hartman himself states, "The propriety of the merits (if any) of the granting of the post-motion [two-]year injunction on December 6, 2021 is unnecessary for this appellate review and is irrelevant to appeal case H049735 . . . ." (Some capitalization omitted.) We therefore need not reach the merits of the order.

## C.    *Attorney Fees*

Section 527.6, subdivision (s) provides that "[t]he prevailing party in an action brought pursuant to [that] section may be awarded court costs and attorney's fees." In Hartman's second appeal (H049886), he does not dispute that George actually incurred reasonable attorney fees and costs in the sum awarded. Instead, in addition to disputing the legality of George prevailing, Hartman's argument appears to be that the trial court, once it granted the $1,000 in fees George had requested in his original petition, lost jurisdiction to grant a later motion for additional fees. Hartman supplies neither reason nor authority in support of this contention. "When an appellant . . . asserts [a point] but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Moreover, we observe that courts have wide discretion to award attorney fees and that statutory procedures for recovering fees are not jurisdictional. (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1095 [noting the trial court's "broad authority to determine the amount of a reasonable fee"].) "[A]bsent indication that Legislature

7

intended to 'strip the court of its jurisdiction,' failure to comply with statutory mandate is not mandatory in jurisdictional sense." (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1171 (*Faton*) [affirming trial court's award of post-hearing fee request].) "When the Legislature intends to restrict the recovery of costs or fees it knows how to express such restriction." (*Agnew v. State Bd. of Equalization* (2005) 134 Cal.App.4th 899, 913.)

Here, the trial court stated at the December hearing that, absent a duly noticed motion for additional fees, it was unable to grant more than the $1,000 George initially sought by his petition: "If you want to file something additional saying that your client can recoup more fees, I would need a filing that would convince the court that I can go beyond what was requested. I have no doubt that it's authorized because very often people file the initial petition as a self-represented party and then hire an attorney later, but I think there needs to be a filing that requests that. So I would certainly consider that, but with what I have before me I certainly cannot do that." In essence, the court granted a partial award of fees for $1000, reserving the right to rule on a further motion for fees, properly noticed and supported by evidence. (See *David v. Goodman* (1948) 89 Cal.App.2d 162, 170 ["Reservation of further action can be made as effectually by implication as by express language."].) We see no meaningful distinction between the court's actions in this case, awarding an initial amount of fees and then ruling on a supplemental amount supported by evidence in order to award the full amount of reasonable fees to the prevailing party, and a situation in which the court continues a motion for fees for supplemental briefing before ruling on the entire amount of fees requested.

A party's entitlement to all reasonable fees may result in the filing of multiple motions. (See *Lucky United Properties Investment, Inc. v. Lee* (2013) 213 Cal.App.4th 635, 646 [affirming successive award of fees on later motion for a different time period].) We conclude under the circumstances presented in this case that George was entitled to file a motion separate from Form CH-100 seeking recovery as prevailing party of all

8

reasonable fees incurred (see Cal. Rules of Court, rule 3.1702(b) [prescribing time for noticed motion for statutory or contractual attorney fees]) and that the trial court had discretion to award such fees. (See *Faton*, *supra*, 236 Cal.App.4th at p. 1171.)

Hartman makes no assertion that the amount of fees awarded was excessive or unsupported by the evidence. We therefore have no basis to examine the substance of the fee order.

## III. DISPOSITION

The trial court's orders are affirmed. Costs on appeal are awarded to George.

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

GROVER, J.

*George v. Hartman*
H049735
H049886

Case Number H049735 H049886
Date of Filing 11/9/2023
Unpublished
Majority Author Lie
Concurring Author None
Dissenting Author None
Assigned Attorney Spieler
Trial Judge Overton