Filed 7/21/25  Fang v. Li CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SHIJING FANG, | H051848 |
| Petitioner and Respondent, | (Santa Clara County Super. Ct. No. 23CH012154) |
| v. | |
| YUXIAO LI, | |
| Defendant and Appellant. | |

Petitioner Shijing Fang obtained a civil harassment temporary restraining order against defendant Yuxiao Li without notice to Li.  The trial court scheduled the petition hearing for a date beyond the time limit set by Code of Civil Procedure section 527.6, subdivision (g), which also had the effect of extending the temporary restraining order beyond the time limit set by Code of Civil Procedure section 527.6, subdivision (f).  Li argues on appeal that the temporary restraining order is void because it extended beyond that statutory time limit.  We will affirm the order because we conclude the statutory time limits at issue here are directory rather than mandatory such that the order was valid.

## I.    TRIAL COURT PROCEEDINGS

Fang petitioned for a civil harassment restraining order against Li on December 14, 2023.  The petition alleged that Li had stalked Fang and her domestic partner in the second half of 2023.  Li allegedly obtained Fang's business address and work schedule under false pretenses.  The petition alleged Li confronted Fang at her clinic on December 12, 2023, and demanded a conversation, which Fang declined.  Li

was asked to leave, but instead "violently banged on the locked backdoor of [Fang's] office." The petition sought a temporary restraining order without notice to Li.

The trial court granted a temporary restraining order on December 15, 2023 and set a hearing for January 23, 2024 (39 days after issuance). The temporary order stated it would expire at the end of the January hearing. Li was served with the petition and temporary restraining order on December 29, 2023, the same date as Li's alleged violation of the order. Li requested a continuance of the hearing. The court granted the continuance, entering an order in January 2024 which rescheduled the hearing to a date in February 2024. That order also stated the temporary restraining order would remain in effect until the continued hearing date. Li appealed, referring to both the December 2023 and January 2024 orders.

## II. DISCUSSION

### A. THE APPEAL IS NOT MOOT

While this appeal was pending, the parties settled the matter in the trial court. Fang then moved to dismiss the appeal as moot. Li opposed dismissal, arguing that she remains subject to a warrant issued for misdemeanor contempt of court (Pen. Code, § 166, subd. (a)(4)) based on an alleged violation of the temporary restraining order at issue in this appeal.[1]

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in

---

[1] Fang's request for judicial notice of court records, dated May 14, 2024, is granted. Li's request for judicial notice of court records, dated July 25, 2024, is also granted. Fang's request for judicial notice dated October 31, 2024 is denied as it pertains to trial court records created in the case after the order appealed from and it duplicates part of an earlier request. Li's motion to strike portions of the respondent's appendix is denied. Fang's application to file a supplemental reply to Li's opposition to the motion to dismiss is granted. The parties' March 2025 requests for judicial notice are denied as irrelevant.

2

issue in the case before it." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276.) We invited supplemental briefing about whether Li has been or may be prosecuted for violating the temporary restraining order. Li's supplemental brief states that "to the best of undersigned counsel's knowledge, the prosecution is pending." We observe that the arrest warrant Li relies on is not signed by a judicial officer, and Li provides no evidence that further action has been taken related to that warrant. We nonetheless reach the merits here because a determination that the temporary restraining order is void would affect potential future criminal prosecution based on the alleged violation of that order. Fang's motion to dismiss is therefore denied.

## B. THE TEMPORARY RESTRAINING ORDER WAS VALID

Li argues the temporary restraining order was void when issued because it set a hearing date (and expiration date for the temporary restraining order) beyond the time limits contained in Code of Civil Procedure section 527.6. (Unspecified statutory references are to this Code.) Li appears to argue that setting the hearing beyond the statutory time limit either "deprive[d] the court of jurisdiction" to decide the petition or alternatively was "an act in excess of jurisdiction."

The issue presents a question of statutory interpretation, which we review de novo. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose." (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) "We begin by examining the statute's words, giving them a plain and commonsense meaning." (*Ibid.*) We "consider the language of the entire scheme and related statutes, harmonizing the terms when possible." (*Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624, 632.)

### 1. Mandatory and Directory Statutory Requirements

A court lacks fundamental jurisdiction if there is an entire absence of power to hear or determine the case, such as when the court has no authority over the subject

3

matter or parties. (*Kabran v. Sharp Memorial Hospital* (2017) 2 Cal.5th 330, 339 (*Kabran*).) An order entered by a court lacking fundamental jurisdiction is void. (*Ibid.*) Even when a court has fundamental jurisdiction, a law may constrain the court to act only in a certain manner, or subject to certain limitations. (*Ibid.*) A court with fundamental jurisdiction that does not follow legal constraints acts in excess of its jurisdiction. (*Id.* at pp. 339–340.) Orders entered in excess of jurisdiction are merely voidable (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56), rather than void. In other words, they are " 'valid until set aside.' " (*Kabran*, at p. 340.) Parties " 'may be precluded from setting [a voidable order] aside by such things as waiver, estoppel, or the passage of time.' " (*Ibid.*)

Courts have used the terms "mandatory" and "directory" in interpreting requirements imposed by statute. (*Kabran*, *supra*, 2 Cal.5th at p. 340.) A requirement is mandatory if noncompliance invalidates the related action; it is directory if failing to comply with a particular procedural step does not invalidate the action ultimately taken. (*Ibid.*) Two presumptions inform our analysis of whether a statutory time limit is mandatory versus directory. First, we presume the courts have jurisdiction unless specifically curtailed by the Legislature. (*Id.* at p. 342.) " 'While the courts are subject to reasonable statutory regulation of procedure and other matters, they will maintain their constitutional powers in order effectively to function as a separate department of government.' " (*Id.* at p. 343.) A legislative " 'intent to defeat the exercise of the court's jurisdiction will not be supplied by implication.' " (*Ibid.*) Second, "[u]nless the Legislature clearly expresses a contrary intent, time limits are typically deemed directory," not mandatory. (*People v. Allen* (2007) 42 Cal.4th 91, 102.)

### 2. Section 527.6's Time Limits are Directory

The relevant statute provides that a "person who has suffered harassment ... may seek a temporary restraining order and an order after hearing prohibiting harassment." (§ 527.6, subd. (a)(1).) "Upon filing a petition for orders under [section 527.6], the

4

petitioner may obtain a temporary restraining order in accordance with Section 527, except to the extent [section 527.6] provides an inconsistent rule." (§ 527.6, subd. (d).) "A temporary restraining order issued under [section 527.6] shall remain in effect, at the court's discretion, for a period not to exceed 21 days, or, if the court extends the time for hearing under subdivision (g), not to exceed 25 days, unless otherwise modified or terminated by the court." (§ 527.6, subd. (f).) "Within 21 days, or, if good cause appears to the court, 25 days from the date that a petition for a temporary order is granted or denied, a hearing shall be held on the petition." (§ 527.6, subd. (g).)

While it is undisputed that the trial court set the hearing beyond the relevant time limit, nothing in section 527.6 suggests a hearing occurring beyond the specified 25-day period deprives a trial court of its fundamental jurisdiction to hear the matter. Nor is there an expression of clear intent that the 25-day time limit is mandatory. Although the subdivisions relating to a hearing date and the duration of a temporary order both use the word "shall" (§ 527.6, subds. (f), (g)), language in the statute suggests that the Legislature did not intend its time limits to be mandatory. Section 527.6, subdivision (f) provides that a temporary restraining order shall remain in effect for a period not to exceed 25 days "unless otherwise modified or terminated by the court." And section 527.6, subdivisions (o) and (p) govern continuing the hearing on the petition, including entitling a respondent to a continuance "for a reasonable period" and "as a matter of course." (§ 527.6, subd. (o).) The ability both to modify the length of a temporary restraining order and to continue the hearing on the petition supports the conclusion that the statute's time limits are directory rather than mandatory. Here, the trial court's setting the hearing date outside the statutory time limit therefore did not render the order void or voidable, and the court's further order continuing the hearing (entered at Li's request) was likewise valid.

Further support for the time limits at issue here being directory comes from section 527, which describes the general procedure to obtain a temporary restraining

order and preliminary injunction. Section 527, subdivision (f)(2) provides, in relevant part: "Notwithstanding failure to satisfy the time requirements of this section, the court may nonetheless hear the order to show cause why a preliminary injunction should not be granted if the moving and supporting papers are served within the time required by Section 1005 and [¶] ... [¶] (2) The order to show cause is issued with a temporary restraining order, but is ... not set for hearing within the time required by paragraph (1) of subdivision (d)." Section 527, subdivision (f) makes clear that its time limits are directory. That the Legislature referenced the *section 527* temporary restraining order procedure as an authorized method of obtaining a *section 527.6* temporary restraining order supports the conclusion that the latter section's time limits are likewise directory.

Li relies primarily on two opinions addressing section 527: *McDonald v. Superior Court of Sierra County* (1937) 18 Cal.App.2d 652, 655 [finding section 527 order to show cause void when it was set beyond the statutory time limit]; and *Agricultural Prorate Commission v. Superior Court of Riverside County* (1938) 30 Cal.App.2d 154, 155 [applying *McDonald*]. But those cases—from the 1930s—were decided before subdivision (f) was added to section 527. The California Law Revision Commission comments to 1994 amendments to section 527 explain that subdivision (f) was "added to make clear that if the time requirements of this section are not satisfied ... , the court may still hear the matter if the papers are served within the time provided by Section 1005 for a notice of motion." (Recommendation: Relating to Orders to Show Cause and Temporary Restraining Orders (Jan. 1994) 24 Cal. Law Revision Com. Rep. (1994) p. 616.) Those comments makes clear that subdivision (f) "changes the result in McDonald v. Superior Court, [18 Cal. App. 2d 652]." (*Ibid*.) Our decision is consistent with sections 527 and 527.6 as they are currently enacted.

Li also cites *Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 943 (*Severson*). That case involved a workplace violence restraining order (§ 527.8) sought by a law firm. The law firm obtained a temporary restraining

6

order against Sepehry-Fard without notice. Sepehry-Fard was then served the required documents four days before the hearing on the petition—less than the five days required by that statute. Sepehry-Fard did not attend the scheduled hearing on the petition, and the trial court granted the petition. (*Id.* at pp. 943–944.) A different panel of this court found that the statute's five-day notice requirement before a hearing on the petition was jurisdictional, which rendered the resulting order void. (*Id.* at p. 948.) *Severson* does not control here because it interpreted a different statute and time limit, and because Li does not argue that service on her of the required documents was faulty or untimely.

Li argues section 527, subdivision (f) applies to preliminary injunctions and therefore "has no effect on the validity of a [temporary restraining order] much less one that was issued at the onset of the case before the hearing in question." But the significance of that subdivision is in demonstrating that the time limits at issue here are directory. If they were mandatory or jurisdictional, a court would not be able to hold the later hearing the subdivision references.

Li contends that "by adding a provision in one place to overrule certain aspects of older cases but leaving in place the restriction on the duration of the originally issued [temporary restraining order], the legislature intended to maintain the restriction on a trial court's jurisdiction to issue an initial [temporary restraining order] to the duration permitted by statute." But as we have explained, the time limits in section 527.6 are directory and therefore do not restrict jurisdiction. Li alternatively contends that if the "original temporary restraining order is not held completely void, this court should find that the trial court abused its discretion in issuing the order as it did not comply with the law." Li has forfeited that argument by not supporting it with reasoned argument or citation to authority. (*Tellez v. Rich Voss Trucking, Inc.* (2015) 240 Cal.App.4th 1052, 1066.) And because we have found the relevant time limits to be directory, the mere setting of a hearing beyond the statutory date is not per se an abuse of discretion.

7

### III. DISPOSITION

The orders are affirmed.  Fang is awarded her appellate costs.  (Cal. Rules of Court, rule 8.278(a)(1).)

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Wilson, J.


H051848
*Fang v. Li*